THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE WEBER PIANO COMPANY, Respondent, *v.* JAMES L. WELLS et al., as Commissioners of Taxes and Assessments of the City of New York, Appellants.

TAX — CORPORATIONS — ASSESSMENT OF CAPITAL STOCK, UNDER SECTION 12 OF THE TAX LAW, WHEN REAL ESTATE IS INCUMBERED WITH A MORTGAGE. In assessing the capital stock of a corporation, under section 12 of the Tax Law (L. 1896, ch. 908), providing for the assessment of such stock at its actual value, "after deducting the assessed value of its real estate," etc., where the real estate is incumbered with a mortgage the payment of which has not been assumed by the corporation, and the value of the equity of redemption alone has been included in determining the value of its capital stock, the company is entitled to have deducted from the valuation only the value of such equity, and not the whole assessed value of its real estate.

*People ex rel. Weber Piano Co.* v. *Wells*, 95 App. Div. 574, reversed.

(Submitted November 16, 1904; decided December 13, 1904.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered September 24, 1904, which affirmed an order of Special Term

vacating an assessment for taxation of the capital stock of the relator for the year 1903.

The facts, so far as material, are stated in the opinion.

*John J. Delany, Corporation Counsel (George S. Coleman* and *E. Crosby Kindleberger* of counsel), for appellants.   The burden is upon the relator to show that it has been aggrieved by the assessment made.   (*People ex rel. v. Barker*, 66 Hun, 21; 137 N. Y. 544; *People ex rel. v. Feitner*, 54 App. Div. 214; 165 N. Y. 645; *People ex rel. v. Feitner*, 60 App. Div. 282.)   In making the assessment the commissioners were required to include the actual value of the relator's real estate and to deduct merely the assessed value.   (*People ex rel. v. Coleman*, 126 N. Y. 433; *People ex rel. v. Barker*, 144 N. Y. 94; *People ex rel. v. Barker*, 31 App. Div. 315; 158 N. Y. 709; 179 U. S. 279; *People ex rel. v. Neff*, 163 N. Y. 320; *People ex rel. v. Feitner*, 60 App. Div. 282; *People ex rel. v. Tax Comrs.*, 80 N. Y. 573.)

*Henry Warren Beebe* for respondent.   The method employed by the Special Term in ascertaining the value of the relator's assets was correct.   (L. 1896, ch. 908, § 12; *People ex rel. v. Coleman*, 126 N. Y. 433.)   As a matter of law this corporation is entitled to a deduction of at least $215,000, by reason of the assessed value of its real estate as found by the court.   (*Trimm v. Marsh*, 54 N. Y. 599; *Jackson v. Willard*, 9 Johns. 41; *Sexton v. Breese*, 135 N. Y. 387.)

CULLEN, Ch. J.   It is somewhat a work of supererogation to add anything to what seems to me the very clear opinion rendered by Judge VAN BRUNT, dissenting, in the court below.   I think, however, that a few words in review of the prevailing opinion may not be out of place.

The learned Appellate Division held in *People ex rel. Farmers' Loan and Trust Company v. Wells* (94 App. Div. 463) that mortgages on a taxpayer's real estate, the payment of which he had not assumed or become personally liable for,

were not debts and were not to be deducted from the amount of his personal property in assessing the latter for taxation. This decision we unanimously affirmed in October last. The relator has thus far succeeded in accomplishing the very thing condemned in the decision cited and this by a simple though ingenious process. Under the rule laid down in *People ex rel. Union Trust Company* v. *Coleman* (126 N. Y. 433) the amount of personalty upon which a corporation is liable under our law for taxation is determined by first ascertaining the total amount or value of its property and then subtracting therefrom the amount of its debts and other statutory deductions. One of those statutory deductions is "the assessed value of *its* real estate." The relator owned a piece of real estate worth two hundred and fifty thousand dollars, assessed at a hundred and fifty thousand dollars, on which there were mortgages amounting to two hundred thousand dollars. It has returned as *its* property only the value of the equity of redemption, fifty thousand dollars, while there has been deducted from the total value of the property of the corporation the whole assessed value of the real property as if it were unincumbered. Of this the learned court below says: "The legislature intended that the real and personal property of such a corporation should be assessed at its fair and true value, the same as the property of an individual, with the exception that it does not provide for a deduction (of the amount of any mortgage upon his real estate unless he is liable for the indebtedness secured by the mortgage) from the individual's personal property." But there is not in the statutory provisions for the taxation of corporations and individuals any reference or mention whatever of such an exception. Therefore, the exception, if it exists, must result solely because of difference in the methods prescribed for taxing corporations and individuals and not because the legislature has directly enacted it. The statutory scheme prescribed by the legislature as construed by the courts directs that on one side of the account be placed the total property of the corporation; on the other side, among other things, the value of *its* real estate. It seems

to me reasonably clear that nothing can be the real estate of the corporation unless it is at the same time its property. The learned counsel for the respondent cites authorities for the proposition that " the mortgagor has, both in law and in equity, been regarded as the owner of the fee, and the mortgage has been regarded as a mere chose in action, a mere security of a personal nature." Assuming that this doctrine proves that the entire value of the piece of realty, regardless of the incumbrances upon it, was the real estate of the relator, and that it was entitled to deduction for its whole assessed value, I am at a loss to see why it does not equally prove that such entire value is to be taken as one of the relator's assets. If, however, the relator's property right in the realty is to be treated only as comprehending the equity of redemption in the real estate, the deduction for assessed value could only include an assessment on that interest. This is in accordance with the rule adopted by us in other cases which, though not identical with the present one and, therefore, controlling, are at least very analogous to it. In *People ex rel. Van Nest* v. *Commissioners of Taxes* (80 N. Y. 573) a bank having a lease of a vacant plot of ground for a long term of years, with the privilege of renewal, constructed a building thereon. By the lease the lessee agreed to pay in addition to the reserved rent all taxes and assessments imposed on the property. It was held that the bank was entitled to a deduction only for the assesed value of its building, not for that of the whole property. It seems to me the fair deduction from the case is that where there are different estates in the same piece of realty a corporation is entitled to deduct only the assessed valuation of that particular estate which it owns. Therefore, if the estate of the relator was confined to the equity of redemption it follows it was only the assessed value of the equity of redemption that it was entitled to deduct.

It may be that the proper way in which the relator should have been assessed was to treat it as holding the entire ownership of the realty and to deduct from its assets the whole assessed value. But as such a method would have increased

the amount of the relator's liability it has no good ground for complaint against the one adopted in the present case, and it is not necessary that we should determine which method is correct.

· The orders of the Appellate Division and the Special Term should be reversed, with costs, and the proceedings of the appellants confirmed.

Werner, J. (dissenting). ·The only question presented by this appeal is whether a corporation, liable to taxation under section 12 of the General Tax Law (L. 1896, ch. 908) and owning real estate subject to mortgage, is entitled to have deducted from its capital stock and surplus profits exceeding ten per cent of its capital the whole assessed valuation of its real estate, when it has included in its statement of capital stock only its equity in such real estate.

Section 12 of the General Tax Law provides that " The capital stock of every company liable to taxation, except such part of it as shall have been excepted in the assessment roll or shall be exempt by law, together with its surplus profits or reserve funds exceeding ten per centum of its capital, *after deducting the assessed value of its real estate,* and all shares of stock in other corporations actually owned by such company which are taxable upon their capital stock under the laws of this state, *shall be assessed at its actual value.*"

Under the authority of this statute the appellants assessed the relator upon the basis of certain figures which need not be examined in detail, because the single question of law we are called upon to decide depends upon the construction of section 12, above quoted, as applied to one parcel of real estate owned by the relator.

This parcel of land, situated on Seventh avenue and Seventeenth street, in the city of New York, was valued at $250,000 and was held by the relator subject to a mortgage of $200,000, thus leaving in the owner an equity of $50,000. It was assessed at $150,000. In relator's statement of its capital stock, etc., only the equity of $50,000 was included, and it

1904.]    People ex rel. Weber Piano Co. v. Wells.    67

N. Y. Rep.]        Dissenting opinion, per Werner, J.

insisted upon the right to deduct the whole assessed valuation.
This contention was disallowed by the appellants who held
that the ratio of deduction for assessed valuation should not
exceed that included in relator's statement of capital stock;
in other words, that the deduction for assessed valuation upon
the Seventeenth street property should be confined to the
equity therein which the relator had included in its statement
of capital stock.   The Special Term reversed the determina-
tion of the appellants and held that although the relator's
equity in this real estate was all that could properly be con-
sidered in fixing the amount of its capital stock for purposes
of taxation, it had the right to have the whole assessed valua-
tion thereof deducted from its total capital stock, and the order
entered upon that decision has been affirmed by the Appellate
Division.

Since it is conceded that the term "capital stock" as used
in section 12 is synonymous with the term "assets," and that,
therefore, only the relator's equity in the Seventeenth street
property was properly included in its statement of capital
stock, that phase of the case need not be discussed, and the
only question that remains to be considered is whether the
assessed valuation of the whole parcel is to be deducted before
the relator's taxable assets can be ascertained.

The statute says that the capital stock of a corporation liable
to taxation under section 12 and its surplus profits or reserve
funds exceeding ten per centum of its capital, "after deduct-
ing the assessed valuation of its real estate," shall be assessed
at its actual value.   The object of this unequivocal declaration
is obvious.   While the equity of a corporation in its real
estate is all that should properly be included in its actual
assets, the corporation is nevertheless considered the owner
of the whole land for the purpose of its taxation as real
estate, and the provision for deducting from the taxable
assets of a corporation the assessed valuation of its real estate
is simply designed to prevent double taxation. (*People ex rel.
Equitable Gas Light Co.* v. *Barker*, 144 N. Y. 94.)   If only the
assessed valuation upon the equity of a corporation in its real

estate were to be deducted from its total assets, such corpora-
tion would be subjected to double taxation, for it is taxed
upon its capital stock as well as its real estate.   The argu-
ment that by this process of counting as part of its assets only
its equity in real estate and deducting from its total capital
stock the whole assessed value of the real estate, a corporation
gains an unjust advantage over the natural person who is
liable to taxation is neither germane nor sound.   A corporation
is burdened by several forms of taxation that do not affect the
individual.   Under our laws all business corporations pay
a tax for the right to exist.   Franchise corporations pay a
tax for the privilege of exercising their franchises.   Both
classes pay a tax upon their assets which represent capital
stock, and both are taxed upon their real estate.   It is true
that the individual may not deduct the assessed valuation
of his real estate from the valuation of his personal property
for which he is taxed, but that is so, *first*, because the
statute has made no such provision in the case of indi-
viduals as in the case of corporations, and, *second*, because
there is not the same reason for it in the former case that
there is in the latter.   Quite aside from the fact that corpora-
tions are subjected to several forms of taxation from which
individuals are exempt, it is common knowledge that the assets
of a corporation are all laid bare to the view of the taxing
authorities, while much of the personal property of the indi-
vidual is put in such form or kept in such places that it can-
not be reached for taxation.   Then, too, it is true in practice,
if not in theory, that corporations, simply because they are
corporations, are taxed far in excess of individuals having the
same or similar kinds of property liable to taxation.   But,
whatever the reason for the distinction may be, whether sound
or unsound in principle, the fact remains that the legislature
has enacted that the capital stock and surplus profits of a cor-
poration exceeding ten per centum of its capital shall only be
taxed after deducting therefrom the assessed value of its real
estate, and this in itself is a sufficient argument for the affirm-
ance of the order herein.

The cases of *People ex rel. Van Nest* v. *Commissioners of Taxes* (80 N. Y. 573), and *People ex rel. Eden Musee Co.* v. *Feitner* (60 App. Div. 282), relied upon by the appellants, are not analogous, because there the relators owned buildings upon lands leased for long terms, and upon which the lessees were bound to pay the land taxes as part of their rent. In those cases the courts properly held that the relators were not entitled to have deducted from their taxable assets the value of the land, because the land did not belong to them. In the case at bar the relator is the owner of the land, and it pays taxes thereon, not as part of the rent, but simply because it has the title.

The order of the Appellate Division should be affirmed, with costs.

Gray, Haight and Vann, JJ., concur with Cullen, Ch. J. ; O'Brien and Bartlett, JJ., concur with Werner, J.

Orders reversed.