(50 Misc. Rep. 422.)

' PADDELL v. CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. May, 1906.)

1. TAXATION—REAL ESTATE—DEDUCTION OF DEBTS.

Tax Law, (Laws 1896, p. 797, c. 908), § 1, provides that the assessment roll shall contain a statement of the real estate taxable to each person and the full value thereof and the full value of the personal property after deducting just debts owed. Section 3 provides that all the real property within the state and all personal property is taxable unless exempt by law. *Held* that a deduction from the assessment of real property of a mortgage thereon is not authorized by law, the only deduction allowed being made from personal property only.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, § 590.]

**2. SAME—VALIDITY.**

> There being no constitutional provision requiring equality and uniformity in the tax assessment, a tax on real property without allowing any deduction of debts is not invalid though such deduction is allowed as to personalty.

> [Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, §§ 68–72, 590.]

**3. CONSTITUTIONAL LAW—DUE PROCESS OF LAW.**

> A tax on real property without allowing any deduction for debts of the owner is not a taking of property without due process of law.

Action by Timothy Paddell against the city of New York to restrain the creation of a cloud on title and for an injunction. Judgment for defendant.

Affirmed on appeal 100 N. Y. Supp. 1133.

Keith & Abbott, for plaintiff.

John J. Delaney, Corp. Counsel, for defendant.

BLANCHARD, J. This is an action to restrain the creation of a cloud upon title, and to secure an injunction against creating a lien for taxes to be levied and collected from the plaintiff as the alleged owner of certain real property. The premises in question were assessed for taxes for the year 1906 in the sum of $160,000. At the time of the assessment, the premises were subject to two mortgages, aggregating $115,000. The plaintiff seasonably applied to the commissioners of taxes and assessments for the deduction from the assessed valuation of the amount of said mortgages, but his application was denied, and accordingly he brings the present action. The defendant demurs on the ground that the complaint does not state facts sufficient to constitute a cause of action. Briefly stated, the plaintiff's contention is that the assessment of the commissioners involves a fiction as to the amount of property in existence, and, therefore, involves a false oath, and is wholly unauthorized by any law or statute of the state of New York; and that, if in fact it be authorized by any such law or statute, it is unconstitutional as being repugnant to article 1, § 6, of the state Constitution, and to article 14, § 1 of the federal Constitution. Section 3 of the tax law (Laws 1896, p. 797, c. 908) provides:

> "All real property within this state, and all personal property situated or owned within this state, is taxable, unless exempt from taxation by law."

Section 1 provides that the assessment roll shall contain a statement of "the quantity of real property taxable to each person," the "full value of such real property," and "the full value of all the taxable personal property owned by each person respectively, after deducting the just debts owed by him." The construction placed by the assessing authorities upon these sections, and upon the analogous provisions of earlier enactments, which they have superseded, has been, from time immemorial, to deduct the debts only from the taxpayer's personal property and to make no such deduction from the taxpayer's real property. The tax is imposed upon "all real property within this state," and, although the tax is entered in the assessment roll as taxable to the reputed owner or occupant of the

premises, and in the ordinary case is paid by such person from his available funds, it is none the less a tax upon the real estate which happens to be in his ownership or possession, and not a tax upon him because of his individual wealth, or, as the economic theorists describe it, his "ability to contribute to the state." Thus, section 9 of the tax law provides:

"In all cases the assessment shall be deemed as against the real property itself, and the property itself shall be holden and liable to sale for any tax levied upon it."

This distinction, which sufficiently explains the decision in People ex rel. Weber Piano Co. v. Wells, 180 N. Y. 62, 72 N. E. 626, was apparently overlooked by the learned counsel for the plaintiff in relying upon said case as an authority for his contention. The taxation of real property, regardless of ownership or terms of ownership, is perhaps a survival of an archaic system of governmental levy, more suited to the primitive land tenure of mediæval England than to the complexity of realty interests in modern New York. Seligman Essays on Taxation (3d Ed.) 43–53, and authorities cited. In framing systems of taxation of real and personal property which should fairly distribute the burden among the infinite forms of wealth which characterize present society, many states have doubtless traveled far from the general property tax of New York. Seligman Essays on Taxation (3d Ed.) 97–107, 105–399, and authorities cited. It is not sufficient, however, for the plaintiff to point to these examples and to the considerations which have influenced them, nor to show that the present assessment is unscientific and unfair under modern conditions. The plaintiff must further show that it is illegal. Since, as has been shown, the tax is imposed upon "all real property within the state," and only consequentially upon the owners thereof, there is clearly no false oath involved in an assessment which states merely the value of the tangible real estate and the holder of the legal title or the occupant thereof. Since there is no express statutory provision exempting, in whole or in part, real property encumbered by mortgage, the usual presumption against exemption must apply, and the assessment of the realty at its undiminished value must be regarded as authorized by statute.

In view of these considerations, the able argument of the learned counsel for the plaintiff regarding the unscientific and unfair character of the present assessment seems beside the point, and more properly addressed to the Legislature than to this court. Since the assessment is authorized by statute, the only question remaining is whether such a statute is repugnant to the state and federal Constitutions, in that it purports to authorize the taking of private property for public use, without just compensation, or the taking of property without due process of law, or denies the plaintiff the equal protection of the laws. No constitutional provision exists which requires equality and uniformity in the tax assessment in New York. The present mode of assessment, which lays one burden upon the mortgagee and another burden upon the realty which is the subject of the mortgage, obviously does not require the same subject of

taxation to contribute directly twice to the same burden. Merely because the mode of assessment is so crude that it results in shifting upon the same person, by reason of his ownership of particular property, several burdens of taxation, when fairness would suggest only one, is no ground for holding the mode of assessment unconstitutional. Gray Limitations of Taxing Power, §§ 1360, 1362, 1370, 1395; 1 Cooley Tax. (3d Ed.) 389–397, and authorities cited. Since the present assessment was validly made, it becomes unnecessary to examine the propriety of the remedy asked in the complaint, and the demurrer is therefore sustained.

In accordance with the request of both parties, judgment absolute will be entered for the defendant.