In the Matter of BERNARD J. ROSENSHEIN, Doing Business as ROSENSHEIN ASSOCIATES, Appellant, v BOARD OF EDUCATION OF CITY SCHOOL DISTRICT OF THE CITY OF NEW ROCHELLE et al., Respondents.

Petitioner urges us not to apply the four-month Statute of Limitations period to this proceeding because he claims that such an application would violate the strong public policy against unfair bidding practices for public contracts. While we fully agree with the aforementioned policy considerations, our

adoption of petitioner's line of reasoning would emasculate the Statute of Limitations, allowing anyone to avoid the effect of the limitation period's running merely by alleging a violation of public policy. Since the instant proceeding was not commenced until more than six months after the conveyance to which petitioner objects took place, the proceeding was properly dismissed as time barred (*see,* CPLR 217). Moreover, the petitioner's request that the instant article 78 proceeding be converted into a plenary action for damages pursuant to CPLR 103 (c) was also properly denied. There is nothing to suggest that the instant proceeding was an improper procedural vehicle by which to obtain the relief sought by petitioner. Furthermore, petitioner has no separate contract claim against the respondents upon which such a conversion could be predicated (*see, Matter of Carroll-Ratner Corp. v City Manager of New Rochelle,* 54 Misc 2d 625, *affd* 36 AD2d 795; *Matter of Allen v Eberling,* 24 AD2d 594). Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.