■ VIVIAN PAGE, Appellant, v FRANK MACCHIAROLA, as Chancellor of the New York City Board of Education, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Board of Education (hereinafter the board), which denied the petitioner's grievance concerning the application of her Cumulative Absence Reserve (hereinafter C.A.R.) days, the petitioner appeals from a judgment of the Supreme Court, Kings County (Duberstein, J.), dated March 3, 1986, which dismissed the petition on the merits.

Ordered that the judgment is affirmed, without costs or disbursements.

We find unpersuasive the petitioner's contention that the board's use of her C.A.R. days to offset her absences due to personal illness during the 1974-1975 school year was arbitrary and capricious. The board's reduction of the C.A.R. for the petitioner's absences was performed pursuant to a rational interpretation of the Chancellor's Regulations, and the board was not estopped from making such reductions merely because it had failed to make them during three prior school years (see generally, Granada Bldgs. v City of Kingston, 58 NY2d 705, rearg denied 58 NY2d 825; Public Improvements v Board of Educ., 56 NY2d 850; Chinatown Apts. v New York City Tr. Auth., 100 AD2d 824). Additionally, the board avers that it applies its employees' accumulated sick days against their absences due to illness as a matter of policy in order to prevent the employees from remaining on the payroll indefinitely while preserving their C.A.R. days for later use or for retirement. This explanation of policy is sufficient to support the instant reduction of the petitioner's C.A.R. days (see generally, Matter of Field Delivery Serv. [Roberts], 66 NY2d 516).

Similarly unavailing is the petitioner's contention that this CPLR article 78 proceeding should be converted pursuant to CPLR 103 (c) to a plenary action for breach of contract. The petitioner seeks review and annulment of the board's determination concerning the use of her C.A.R. days; hence, "[t]here is nothing to suggest that the instant proceeding was an

improper procedural vehicle by which to obtain the relief sought" *(Matter of Rosenshein v Board of Educ.,* 110 AD2d 770, 771, *lv denied* 66 NY2d 602). The petitioner's additional, incidental claim for lost salary does not require conversion of the proceeding to a plenary action.

We have considered the petitioner's remaining contention and find it to be without merit. Bracken, J. P., Lawrence, Eiber and Spatt, JJ., concur.