■ CALVIN THOMPSON, Appellant, v CITY OF POUGHKEEPSIE SCHOOL DISTRICT, Respondent. (Proceeding No. 1.) WILLY LAMB, Appellant, v CITY OF POUGHKEEPSIE SCHOOL DISTRICT, Respondent. (Proceeding No. 2.)—In two consolidated proceedings pursuant to CPLR article 78 to review a determination of

the Board of Education of the City of Poughkeepsie School District, dated January 23, 1985, which, after a hearing, found the petitioners guilty of misconduct and dismissed them from their employment, the petitioners appeal from a judgment of the Supreme Court, Dutchess County (Buell, J.), dated September 13, 1985, which dismissed the proceedings as time barred.

Ordered that the judgment is affirmed, without costs or disbursements.

The Supreme Court, Dutchess County, properly dismissed these proceedings as barred by the four-month Statute of Limitations applicable to proceedings against a body or officer (see, CPLR 217). These proceedings have their genesis in a disciplinary hearing against the petitioners which culminated in a determination by a Hearing Officer dated January 9, 1985. On January 23, 1985, after consideration of the determination of the Hearing Officer, the Board of Education of the City of Poughkeepsie School District passed a resolution directing that the petitioners be dismissed from their employment. On January 24, 1985, an attorney for the respondent mailed to the attorney for the petitioners a letter which purportedly included a copy of both the determination by the Hearing Officer and the January 23 resolution. The next day, January 25, an attorney for the respondent was told over the telephone by the attorney for the petitioners that he had received the determination of the Hearing Officer but not the resolution. After the telephone call, the attorney for the respondent again mailed a copy of the resolution to the attorney for the petitioners. Although the exact date the attorney for the petitioners received the resolution, which was mailed on January 25, cannot be ascertained from the record, in an affidavit in opposition to the respondent's motion to dismiss, the attorney for the petitioners stated: "it appears from the Respondent's moving papers and the records maintained by this office that a copy of the resolution * * * was mailed on January 25, 1985 * * * to an attorney in the deponent's office * * * That pursuant to the CPLR there would be five (5) days by virtue of the mailing so that it appears that the service was effectuated on [an attorney in the deponent's office] on January 30, 1985".

The foregoing statement by the attorney for the petitioners constitutes proof that the resolution was received by the attorney for the petitioners by January 30, 1985, at the latest. Contrary to the petitioners' contention that the four-month Statute of Limitations did not begin to run until the petitioners were personally served with the resolution, the Statute of

Limitations began to run when the attorney for the petitioners, who represented the petitioners at the disciplinary hearing, received the resolution, viz., on January 30, 1985, at the latest *(see, Matter of Bianca v Frank,* 43 NY2d 168). As these proceedings were not commenced until June 4, 1985, they are time barred. Thompson, J. P., Lawrence, Kunzeman and Sullivan, JJ., concur.