■ JOHN BRODERICK, Respondent, v BOARD OF EDUCATION, ROOSEVELT UNION FREE SCHOOL DISTRICT, et al., Appellants. [678 NYS2d 370] —In an action, inter alia, to recover damages for breach of contract, the defendants appeal from so much of an

order of the Supreme Court, Suffolk County (Stark, J.), entered February 26, 1997, as denied that branch of their motion which was for summary judgment dismissing the first six causes of action asserted in the amended verified complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the motion which was for summary judgment dismissing the first six causes of action asserted in the amended verified complaint is granted, and the complaint is dismissed.

The plaintiff's first five causes of action sought to recover damages for loss of salary and benefits, based on the defendants' failure to appoint him as a full-time teacher, on the grounds of breach of contract, unjust enrichment, and quantum meruit. The sixth cause of action sought an injunction enjoining the defendants "from continuing to fail * * * to certify him as a full-time employee".

The plaintiff's claims sounding in breach of contract, unjust enrichment, and quantum meruit, viewed together with the demand for injunctive relief, present "the classic formulation of an article 78 proceeding" (*Foster v City of New York,* 157 AD2d 516, 518) since the gravamen of the claims was that the defendants improperly failed to appoint him as a full-time teacher (*see, Board of Educ. v Ambach,* 49 NY2d 986, *cert denied* 449 US 874; *Clissuras v City of New York,* 131 AD2d 717, *cert denied* 484 US 1053; *Foster v City of New York, supra*). Accordingly, although the plaintiff did not assert his claims in the form of a proceeding pursuant to CPLR article 78, those claims are governed by the four-month Statute of Limitations of CPLR 217. Since this action was commenced on June 16, 1994, and the defendants' last action regarding the plaintiff's application was on September 22, 1993, the plaintiff's claims are time-barred. Bracken, J. P., Rosenblatt, Ritter and Florio, JJ., concur.