■ WAYNE M. HARRIS et al., Appellants, v TOWN OF MENDON, Respondent. [726 NYS2d 883] —Order unanimously reversed on the law without costs and motion granted. Memorandum: Plaintiffs commenced this action alleging that defendant had trespassed on their property by cutting shrubbery and brush 28 feet from the center line of Mendon Center Road in front of plaintiffs' property and seeking damages for that trespass. Plaintiffs contend that the trespass occurred because the road is a three-rod road (49.5 feet in width), while defendant contends that no trespass occurred because the road is a four-rod road (66 feet in width). Plaintiffs moved for partial summary judgment on liability "declaring" Mendon Center Road to be a three-rod road and "declaring" that defendant had trespassed. In its decision, Supreme Court converted the trespass *action* into a declaratory judgment action. That was error. This is not a case in which plaintiffs' action "was an improper procedural vehicle by which to obtain the relief

sought" (*Matter of Rosenshein v Board of Educ.*, 110 AD2d 770, 771, *lv denied* 66 NY2d 602; *see,* CPLR 103 [c]; *cf., Matter of Maggi v Maggi*, 187 AD2d 722), i.e., damages for trespass. The issue of the width of the road is necessarily resolved upon determination of the trespass cause of action and, "[w]here there is no necessity for resorting to the declaratory judgment, it should not be employed" (*James v Alderton Dock Yards*, 256 NY 298, 305, *rearg denied* 256 NY 681; *cf., City of Rochester v Vanderlinde Elec. Corp.*, 56 AD2d 185, 187-188).

The court further erred in denying plaintiffs' motion for partial summary judgment on the issue of liability. Plaintiffs established their entitlement to judgment as a matter of law by tendering sufficient proof that Mendon Center Road is a three-rod road (*see generally, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). The documents submitted by defendant in opposition to the motion are not admissible in evidence under any exception to the hearsay rule, and thus defendant failed "to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp., supra,* at 324). (Appeal from Order of Supreme Court, Monroe County, Frazee, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Burns, JJ.