[800 NYS2d 398]

7 Vestry LLC et al., Respondents, v Department of Finance of City of New York et al., Appellants.

First Department, August 25, 2005

**APPEARANCES OF COUNSEL**

*Michael A. Cardozo, Corporation Counsel*, New York City (*Regina Feder* and *Vincent D'Orazio* of counsel), for appellants.

*Kucker & Bruh, LLP*, New York City (*Nativ Winiarsky* and *Catherine A. Helwig* of counsel), for respondents.

**OPINION OF THE COURT**

SULLIVAN, J.

This is an action by condominium unit owners and the condominium sponsor to set aside New York City real property tax liens that arose when taxes, previously deferred pursuant to the Industrial and Commercial Incentive Program (ICIP) were restored upon the City's discovery that the subject property was no longer being utilized for commercial purposes, a statutory requirement for the property's retention of its tax benefit eligibility. After receiving the ICIP seven-year partial tax defer-

ral, the prior owner sold the property to plaintiff 7 Vestry, which converted it into a residential condominium.

ICIP was intended to encourage the modernization, rehabilitation, expansion or improvement of commercial and industrial property by means of a real property tax incentive (*Matter of CDL W. 45th St. LLC v City of N.Y. Dept. of Fin.*, 308 AD2d 210, 211, 214 [2003], *lv denied* 100 NY2d 514 [2003]), which is available only for construction work on such eligible properties pursuant to the enabling legislation (Real Property Tax Law § 489-aaaa *et seq.*, as implemented through Administrative Code of City of NY §§ 11-256—11-267 and 19 RCNY 14-01—14-72).

The subject property, located in a "deferral area" as defined by Administrative Code § 11-256 (g), qualified for ICIP benefits, consisting of the seven-year deferral of that portion of the property's taxes attributable to increases in the assessed value resulting from physical improvements made to qualify for the benefits.[1] At the expiration of the seven-year period, the property owner pays the normal taxes on the property for the next three years. Over the course of the next 10 years, beginning with the 11th year of the benefit period, the owner repays, without interest, the deferred taxes (§ 11-257 [d]). Thus, the deferral period covers 20 years and the ICIP benefits are the equivalent of an interest-free loan.

After application for ICIP benefits is made, and there is a final determination that the proposed construction meets the statutory criteria, the Department of Finance issues a preliminary certificate of eligibility for construction of the project. Only upon completion of the approved work and confirmation thereof by the filing of a complete application, including submission of a "certificate of completion" (19 RCNY 14-41 [g] [4]), is the project granted final or permanent benefits, established by the issuance of a final certificate of eligibility (19 RCNY 14-41 [g]; Administrative Code § 11-252).

Once granted, ICIP benefits continue in effect for the full 20-year benefit period, provided the property continues to be used for the approved purpose. While annual application for ICIP benefits is not required, to assure compliance, the ICIP recipient must file annually a certificate of continuing use with the tax commission for review by the Commissioner of Finance

---

1. The benefits may consist of either the exemption from taxation of a portion of the assessment, an abatement, or, as here, deferral of a portion of the taxes owed, with repayment of the deferred taxes payable at a later period (*see* Administrative Code § 11-257), or a combination thereof.

(Administrative Code § 11-253; *see also* § 11-261 [b]). A conversion to residential use disqualifies a property from ICIP benefits and requires their termination (§ 11-262 [c], [d]).

By operation of law, if ICIP benefits for property in a "deferral area" are forfeited, all deferred taxes become immediately due and payable (Administrative Code § 11-262 [c]). When property is converted to residential use, a nonqualifying ICIP use, the owner is required to notify the Department of Finance by filing an amendment to the latest certificate of continuing use (19 RCNY 14-16 [a]).

The former owner of the subject property received ICIP tax deferral benefits from 1990/1991 through 1997/1998 based on physical improvements and a conversion of the property to a mini-storage facility. Repayments were to commence during the 2000/2001 tax year and to continue thereafter until the 2010/2011 tax year. Since the prior owner submitted an application in 1990 for a final certificate of eligibility that did not include a certificate of completion or the requisite certification of the minimum required project expenditures to show that the approved physical improvement had been made, a final certificate of eligibility was not issued (*see* RPTL 489-ffff [4]). The 1990 application has never been completed, nor has a new application been filed. Despite not having submitted a completed application for a final certificate of eligibility, the former owner continued to file annual certificates of continuing use, and each year the Department of Finance inspected the property to confirm the continuance of the approved use.

Plaintiff 7 Vestry purchased the property on or about June 10, 1998, just as the three-year period when normal taxes would be assessed was to begin, to be followed by a 10-year period during which the deferred ICIP taxes would be repaid. After its acquisition, 7 Vestry converted the property to a residential condominium and, on or about May 11, 2001, began to sell condominium units at prices ranging from under $100,000 to almost $4 million. Although required by 19 RCNY 14-16 (a) to inform the Department of Finance of the conversion from commercial to residential use, 7 Vestry did not do so. 7 Vestry also failed to file annual ICIP certificates of continuing use, an independent ground for revocation of benefits (Administrative Code § 11-265 [a] [1]). By letter dated February 5, 1999, the Department of Finance notified 7 Vestry that unless the failure to file was cured, it would forfeit the ICIP benefits for the 1999/2000 tax year. 7 Vestry did not respond.

In preparation for the conversion, 7 Vestry filed with the New York State Attorney General a condominium plan, accepted for filing on January 31, 2000, the cover of which stated: "NEW YORK LAW REQUIRES THE SPONSOR TO DISCLOSE ALL MATERIAL INFORMATION IN THIS PLAN." Despite the Department of Finance's February 5, 1999 notification of the forfeiture of ICIP benefits for 7 Vestry's filing defaults, 7 Vestry did not include notice in its offering plan that ICIP-deferred taxes would be reinstated with interest. The plan even failed to mention that the property had been receiving ICIP benefits requiring repayment. Nor did the plan include in its schedule of projected real estate taxes the amounts of ICIP deferred taxes that would become due.

The Department of Finance sent an additional notice to 7 Vestry on February 18, 2000, advising that a certificate of continuing use had not yet been filed and that the ICIP benefits would be revoked if no certificate were filed. Once again, 7 Vestry did not respond. Nor did 7 Vestry amend the offering plan to advise prospective purchasers of the loss of the ICIP benefits. In light of 7 Vestry's failure to respond, the Department of Finance revoked the ICIP benefits and reinstated the deferred taxes. The revocation of ICIP benefits for the property was noted on the Department of Finance's public tax and assessment rolls and on its various print and computer records, which are made available to the public at large. The forfeited benefits, totaling $338,339.95, immediately became due and payable (see Administrative Code § 11-262 [c]). To lessen the burden on the taxpayer, the Department of Finance chose to submit bills for the forfeited benefits over a 10-year period, the first payment for which, on tax lots 23 and 24, it billed 7 Vestry, then the owner, in the first half of tax year 2000/2001. The amount of the payment due, $6,046.50, was clearly indicated on the bill as "ICIP DEFERRED."

By tax year 2001/2002, the four lots on the subject property were merged into a single "parent" lot, number 21. Accordingly, the next payment of ICIP reinstated taxes, which included a second payment for lots 23 and 24 and a first payment for lots 21 and 22, appeared on the 2001/2002 bill for the new parent lot. Since, as noted, 7 Vestry began to sell the individual units in May 2001, parent lot 21 was thereafter apportioned into individual condominium lots, effective in December 2001, in time for the new lots to appear on the 2002/2003 tax rolls. Accordingly, the next payment of reinstated deferred taxes for tax year

2002/2003 was apportioned among the individual condominium lots and billed to the unit owners.

On or about October 3, 2002, 7 Vestry and the unit owners commenced the instant action against the Department of Finance, its Commissioner and the City for slander of title, claiming that the Department of Finance imposed taxes on their property without legal notice. The primary remedy sought by plaintiffs is cancellation of the tax liens on their property and refund with interest of any payments made on these allegedly illegal taxes. Plaintiffs thereafter moved for summary judgment, arguing that despite the fact that, as of 1998, the subject property was no longer being used for commercial purposes as required by ICIP, the Department of Finance, which is required to file a certificate of ICIP eligibility in the same manner as recording a mortgage (*see* RPTL 489-eeee [4]), failed to do so, which would have given 7 Vestry and the condominium owners notice of the ICIP deferral prior to their purchase.

Defendants opposed the motion, arguing that plaintiffs' remedy for the failure of a governmental body to do its duty is a CPLR article 78 proceeding, which has a four-month statute of limitations (*see* CPLR 217). They argued that this action, which accrued when plaintiffs were adversely affected by the Department of Finance's reinstatement of the property's ICIP deferred taxes, is untimely. According to defendants, this adverse action occurred on July 1, 2000, when the first tax bill, for the 2000/2001 tax year, reflecting the reinstated ICIP deferred taxes, became due and payable. Since this action was not commenced until October 3, 2002, well beyond the four-month limitation, it is time-barred. Defendants further argued that the Department of Finance is not required by law to register a preliminary certificate of eligibility; only a final certificate must be filed and, in this case, the prior owner never completed the requirements for a final certificate. Finally, defendants argued, even if the preliminary certificate of eligibility were required to be registered, plaintiffs had notice of the property's ICIP tax deferral.

Supreme Court granted plaintiffs' motion in part and denied it in part. Recognizing that the action should have been brought as an article 78 proceeding, the court converted it to such and applied a four-month statute of limitations, an aspect of the determination that is not being challenged. The court then determined that despite plaintiffs' lack of notice of the ICIP deferral prior to their purchase because of the Department of Finance's failure to register any certificate of eligibility, 7 Vestry

received two notices of revocation of the property's ICIP benefits and a bill restoring part of the deferred taxes, which together informed 7 Vestry of the revocation of the tax exemption for the 1999/2000 and 2000/2001 tax years. As to those two tax years, the court found that the challenge was time-barred. Thus, the court held, 7 Vestry would be responsible for payment of the deferred and subsequently reinstated ICIP taxes for those years. Reasoning that the February 1999 and February 2000 revocation notices and the July 1, 2000 tax bill did not give notice of the full amount of taxes that the Department of Finance intended to collect, i.e., $338,339.95, but only of a loss of benefits for the 1999/2000 and 2000/2001 tax years, and in the case of the July 1, 2000 tax bill, only to the extent of $6,046.50, the court focused on the amount of the two tax bills and concluded that plaintiffs' claims, including 7 Vestry's, for 2001/2002 and subsequent years were not time-barred. It held that the Department of Finance could not collect the deferred taxes for the subsequent tax years from 7 Vestry or the other condominium unit owners. On defendants' appeal, we reverse.

■ Supreme Court correctly treated plaintiffs' claims as if converted to an article 78 proceeding under CPLR 103 (c), subject to a four-month statute of limitations (*see* CPLR 217). If the underlying claims raised in an action are cognizable in a proceeding to which a shorter statutory period applies, the action is governed by the statute that prescribes the shorter period (*see Press v County of Monroe*, 50 NY2d 695, 701 [1980]). The court failed, however, to conduct a proper analysis of the time limitation to all of plaintiffs' claims.

This action, commenced on October 3, 2002, sought invalidation of taxes reinstated more than two years earlier, as evidenced by the July 1, 2000 tax bill, which clearly indicated that it included $6,046.50 that was "ICIP DEFERRED." At that point, 7 Vestry was adversely affected when it was put on notice that the ICIP tax benefit had been forfeited and that all the deferred taxes were now due, albeit, thanks to the City's forbearance, over a 10-year period. Thus, plaintiffs' claims as to all the years that the ICIP benefits were to be repaid, not just tax years 1999/2000 and 2000/2001, were time-barred. Furthermore, 7 Vestry was adversely affected, as Supreme Court recognized, when it received the Department of Finance's February 1999 and February 2000 notices of intent to revoke ICIP benefit letters. Each notice provided a 60-day period within which 7 Vestry could cure its default. Instead of responding, 7

Vestry ignored these notices, given its plan to convert the property to residential condominiums, a use incompatible with the ICIP program. Thus, as the record shows, 7 Vestry proceeded with its residential condominium conversion fully alerted to the fact that the property was receiving ICIP benefits.

Supreme Court erred in treating each year the reinstated taxes were billed or to be billed against the property as a separate year for statute of limitations purposes because the Department of Finance chose to recover the forfeited tax benefits, then totaling $338,339.95, in 10 annual installments, beginning with the 2000/2001 tax year. By the time the 2002/2003 taxes were due, the Department of Finance had apportioned the payment due among 7 Vestry and the condominium unit owners. ICIP tax benefits are, however, a multi-year unitary benefit for which an applicant need not reapply on an annual basis; similarly, the amount reinstated is a single unitary amount. Administrative Code § 11-262 (c) provides that in the case of property in a designated deferral area, upon forfeiture, all deferred tax payments immediately become due and payable.

It is undisputed that the property, having been converted to a residential condominium, was no longer used for commercial purposes. The 2000/2001 tax bill reinstating the deferred taxes was merely the first installment of the total amount due, the Department of Finance having chosen to bill the total forfeited in 10 annual payments. Thus, contrary to Supreme Court's holding, each subsequent tax bill over the next nine years would not represent a new determination as to the forfeited tax benefits. Inasmuch as there had been a single determination to revoke the deferral of taxes, thereby triggering their reinstatement, there could only be a single challenge to that determination, notwithstanding that the Department of Finance, in order to lighten its burden, had decided to bill the taxpayer(s) over 10 yearly installments. That single challenge had to be commenced within four months after the first payment became due and owing on July 1, 2000, that is, by November 1, 2000 at the latest. This proceeding was not commenced until more than two years later.

Despite 7 Vestry's omission of all reference to the subject property's ICIP tax deferral benefits in its condominium offer-

ing plan and subsequent amendments[2] and the fact that the first taxes billed to the individual unit owners referencing the ICIP deferral reinstatement appeared in the July 1, 2002 tax bill for the 2002/2003 tax year, the individual plaintiff unit owners are nonetheless chargeable with knowledge of the reinstated deferred ICIP tax benefits. As potential purchasers of condominium units, these plaintiffs are chargeable with knowledge of the July 1, 2000 tax bill indicating the existence of an ICIP reinstated tax (*see Matter of Delafield 246 Corp. v City of New York,* 11 AD3d 268, 273 [2004], *lv denied* 4 NY3d 703 [2005], citing *Cambridge Val. Bank v Delano,* 48 NY 326, 336 [1872] [A "purchaser of land is chargeable with notice, by implication, of every fact affecting the title, which would be discovered by an examination of the deeds or other muniment of title of his vendor, and of every fact, as to which the purchaser, with reasonable prudence or diligence, ought to become acquainted"]).

With the exception of one unit, all the units at the property were sold after the July 1, 2000 tax bill was sent. In addition to the July 1, 2000 tax bill, a notation regarding the subject property's receipt and termination of ICIP tax benefits was made on the Department of Finance's public tax and assessment rolls, as well as on various computer records made available to the public. Moreover, when the individual condominium owners purchased their units, they could not and did not purchase any greater rights from 7 Vestry than it had. Since 7 Vestry, their assignor in interest, did not timely challenge the first tax bill showing reinstatement of the tax deferral (*see Matter of Twenty First Point Co. v Town of Guilderland,* 101 AD2d 407, 409 [1984], *affd* 64 NY2d 954 [1985]), they could not, by their purchase, acquire greater rights by a revival of the period of limitations. Thus, plaintiff unit owners fare no better than 7 Vestry in their attempt to assert a challenge to the reinstatement of deferred ICIP tax benefits.

■ Having determined that all but two years of the reinstated ICIP deferred taxes were subject to timely challenge because the amount sought in recoupment was spread over 10 installments, Supreme Court then held, in reaching the merits of

---

2. 7 Vestry, the sponsor, and plaintiff unit owners are represented by the same law firm despite the obvious tension between them regarding claims and defenses they may have toward each other with respect to payment of the reinstated deferred ICIP tax benefits. Defendants raised the issue of the potential conflict before Supreme Court, which concluded, inter alia, that the conflict was eliminated by virtue of the determination it reached.

plaintiffs' claims, that the reinstated deferred ICIP taxes were tantamount to a "super lien having priority over all other liens," which has statutory requirements that were not complied with. Specifically, it held that the Department of Finance was required to file a certificate of ICIP eligibility, which it failed to do. Although, in light of our determination that all of plaintiffs' claims are time-barred, we need not reach these issues, we do so, finding that Supreme Court erred in both rulings.

Real property tax liens, including ICIP tax liens, are not super priority liens, differing from super liens both in their manner of creation and in the way they are routinely discoverable. In any event, super liens do not have priority over tax liens. Such a super priority lien "shall have a priority over all other liens and encumbrances on the premises except for the lien of taxes and assessments" (Administrative Code § 27-2144 [b]).[3] Real property tax liens arise automatically, by operation of law, when the tax is levied against the property. RPTL 102 (21) defines a tax lien as "an unpaid tax, special ad valorem levy, special assessment or other charge imposed upon real property by or on behalf of a municipal corporation or special district which is an encumbrance on real property, whether or not evidenced by a written instrument." By law, all deferred taxes constitute tax liens against the property as of the date they are due and payable (Administrative Code § 11-264 [b]). All real estate taxes and assessments are liens upon the property and "continue to be, until paid" (Administrative Code § 11-301; *see also* New York City Charter § 1519 [2]; RPTL 102 [21]). The liens are taxed against the property itself, not the property owner (*Paddell v City of New York*, 50 Misc 422, 424 [1906], *affd* 114 App Div 911 [1906], *affd* 187 NY 552 [1907], *affd* 211 US 446 [1908]). Thus, tax liens are never recorded because the tax rolls themselves are public records, accessible to all and furnishing notice to all (*see Kennedy v Mossafa*, 100 NY2d 1 [2003]). In imposing a recording obligation for the imposition of a tax lien, by filing with the County Clerk, Supreme Court fashioned a requirement that has no basis in law.

As noted, Supreme Court also held that the Department of Finance was required to file a certificate of eligibility, presumably the preliminary certificate, which the court referred to as a "Temporary Certificate of Eligibility," since that was the only

---

3. An expense incurred by the Department of Housing Preservation and Development for the repair or elimination of any dangerous or unlawful conditions in premises constitutes a "super priority" lien (*see id.*).

certificate in existence. The ICIP statutes provide that the certificate of eligibility for ICIP benefits must be recorded in the manner prescribed for recording a mortgage under Real Property Law § 291-d (*see* RPTL 489-eeee [4]; *see also* Administrative Code § 11-260 [e]). Since as far back as 1987, the Department of Finance has provided a preliminary certificate of eligibility to qualified applicants, to be followed by a final certificate once the proposed construction project has been completed and after submission and review of an application for a final certificate of eligibility documenting completion of the project (*see* 19 RCNY 14-41 [i]). The Department of Finance's rules and regulations explicitly provide that it is only the final certificate that is recorded (19 RCNY 14-41 [i]; *cf.* 19 RCNY 14-41 [g] [1]). Here, as noted, a final certificate of eligibility was never issued.

In any event, plaintiffs' knowledge of the property's ICIP benefits would render any recording requirement irrelevant. It has long been the rule that a purchaser with prepurchase notice, actual or constructive, of an unrecorded instrument or encumbrance is not a good faith purchaser for value and cannot avail himself or herself of the benefits of the recording statutes (*Andy Assoc. v Bankers Trust Co.*, 49 NY2d 13, 17 [1979]). 7 Vestry, the sponsor, had actual notice of the property's ICIP history. The individual unit owners had constructive notice because a reasonable and prudent purchaser would have scrutinized the property's tax bills for the current year and years prior to the purchase date and would have seen the ICIP deferral notation in 2000 and investigated further. Each purchaser who purchased his/her unit after the July 1, 2000 tax bill took title subject to the tax lien created by the ICIP tax deferral repayment requirement, which lien is enforceable against that purchaser.

We have examined plaintiffs' other contentions and find that they are without merit.

Accordingly, the order and judgment (one paper) of the Supreme Court, New York County (Louis B. York, J.), entered December 18, 2003, to the extent appealed from as limited by the briefs, granting plaintiffs' motion for summary judgment and declaring the balance of the reinstated deferred taxes, except for that portion owed by plaintiff 7 Vestry LLC for 2001/2002, to be null and void, should be reversed, on the law, without costs or disbursements, and, on a search of the record, summary judgment granted to defendants, the application denied and the proceeding dismissed.

ANDRIAS, J.P., WILLIAMS, GONZALEZ and CATTERSON, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered December 18, 2003, reversed, on the law, without costs or disbursements, summary judgment granted to defendants, the application denied and the proceeding dismissed.