■ LONG ISLAND POWER AUTHORITY RATEPAYER LITIGATION. CAROL PATTI et al., Appellants; LONG ISLAND POWER AUTHORITY, Respondent. [850 NYS2d 609]—

In a consolidated proposed class action, inter alia, to recover damages for breach of contract, unjust enrichment, and deceptive business practices in violation of General Business Law § 349, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), entered October 2, 2006, which granted the defendant's motion to dismiss the amended complaint pursuant to CPLR 3211 (a).

Ordered that the order is affirmed, with costs.

In 1986 the New York State Legislature created a public authority known as the Long Island Power Authority (hereinaf-

ter LIPA) to replace the privately-owned Long Island Lighting Company and provide an adequate supply of electricity in a reliable, efficient, and economic manner to consumers in Nassau County, Suffolk County, and a portion of Queens County (*see* Public Authorities Law §§ 1020-a, 1020-b [17]). In 2006, several residential and commercial consumers commenced four separate actions against LIPA seeking, inter alia, to recover damages for breach of contract, unjust enrichment, and deceptive trade practices in violation of General Business Law § 349. In essence, the consumers complained that LIPA had improperly imposed a series of massive rate increases under the guise of fuel surcharges between 2001 and 2005. After the four actions were consolidated, LIPA moved for an order pursuant to CPLR 3211 (a) dismissing the consolidated amended complaint on the ground, inter alia, that it was time-barred.

Although the plaintiffs cloaked their causes of action in terms of breach of contract, unjust enrichment, and deceptive trade practices in violation of General Business Law § 349, the gravamen of their complaint was that LIPA's rate increases were made in violation of lawful procedure, affected by an error of law, or were arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]). Accordingly, the proper procedural vehicle by which to challenge the rate increases was a proceeding pursuant to CPLR article 78, which is governed by the four-month statute of limitations set forth in CPLR 217 (*see New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 204 [1994]; *Solnick v Whalen*, 49 NY2d 224, 229 [1980]; *Stevens v American Water Servs., Inc.*, 32 AD3d 1188 [2006]; *Broderick v Board of Educ., Roosevelt Union Free School Dist.*, 253 AD2d 836 [1998]; *Clissuras v City of New York*, 131 AD2d 717 [1987], *cert denied* 484 US 1053 [1988], *reh denied* 485 US 1015 [1988]).

Since the plaintiffs commenced the actions that were ultimately consolidated more than four months after each of the challenged rate increases became "final and binding," the Supreme Court properly dismissed the consolidated amended complaint as time-barred (CPLR 217 [a]; *see Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186, 194 [2007]; *Matter of Owners Comm. on Elec. Rates v Public Serv. Commn. of State of N.Y.*, 76 NY2d 779 [1990]). Moreover, contrary to the plaintiffs' contention, LIPA may not be estopped from invoking a statute of limitations defense where, as here, the injured parties had timely knowledge sufficient to place them under a duty to inquire and ascertain all the relevant facts prior to the expiration of the limitation period (*see Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 279 [1988], *cert denied* 488 US 801 [1988]; *Gleason v Spota*, 194 AD2d 764 [1993]).

In light of our determination, we need not address the plaintiffs' remaining contention. Mastro, J.P., Fisher, Dillon and McCarthy, JJ., concur.