Town of Riverhead, Respondent, v County of Suffolk, Appellant. [913 NYS2d 268]—

In a purported action for injunctive relief, the defendant appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated August 31, 2009, which denied its motion to dismiss the complaint, inter alia, pursuant to CPLR 3211 (a) (5).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion to dismiss the complaint is granted.

In May 2007, the County of Suffolk placed a trailer in the parking lot of a complex of buildings which include the Suffolk County Criminal Court Facility, the Riverhead County Center, and the Suffolk County Correctional Facility (hereinafter the facility parking lot). The trailer was set up to provide temporary

housing for homeless level two and three registered sex offenders. It was later expanded to house up to 18 sex offenders. The facility parking lot is located less than 500 feet from the Town of Riverhead's border. In 2009 the Town commenced this action, alleging, inter alia, that placement of the trailer violated certain federal, state, county, and local laws, policies, and regulations. The Town sought the following relief: "that the County be enjoined and restrained from the placement of . . . [the] trailer on the subject County parcel and/or expansion of the . . . trailer . . . and that the County be ordered to remove the current . . . trailer from the County parcel."

The County moved to dismiss the complaint, inter alia, pursuant to CPLR 3211 (a) (5). The Supreme Court denied the motion. The County appeals and we reverse.

The County argues, among other things, that the action was time-barred because it was properly a CPLR article 78 proceeding and, thus, was subject to a four-month statute of limitations. We agree. Contrary to the Town's contention, the relief sought by the complaint is not in the nature of a declaratory judgment. Moreover, a proceeding pursuant to CPLR article 78 is the proper vehicle for resolving the dispute presented herein. Indeed, the claim by the Town, which "requires it to convince the court" that the County's action "represented an irrational construction of the governing statutes . . . is plainly encompassed within the grounds for mandamus to review set forth in CPLR 7803 (3)" (*New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 205 [1994]).

"[Where] the underlying claims raised in an action are cognizable in a proceeding to which a shorter statutory period applies, the action is governed by the statute that prescribes the shorter period" (*7 Vestry LLC v Department of Fin. of City of N.Y.*, 22 AD3d 174, 180 [2005]; *see Press v County of Monroe*, 50 NY2d 695, 701 [1980]). Accordingly, since the Town's claims are cognizable in a proceeding pursuant to CPLR article 78, a four-month statute of limitations applies (*see* CPLR 217 [1]). Here, the County's action became final, and the four-month statute of limitations began to run, when the trailer was installed in 2007 (*see generally Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30 [2005]; *Stop-The-Barge v Cahill*, 1 NY3d 218 [2003]). In fact, the Town specifically acknowledged the County's placement of the trailer in a town resolution adopted in May 2007 wherein the Town objected to such action. Consequently, the Town's commencement of this action in 2009 was time-barred, and the County was entitled to dismissal of the action pursuant to CPLR 3211 (a) (5).

In light of our determination, it is unnecessary to reach the County's remaining contentions. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.