■ RICHARD DORMER et al., Appellants, v SUFFOLK COUNTY POLICE BENEVOLENT ASSOCIATION, INC., et al., Respondents, et al., Defendants. [945 NYS2d 144]—

In an action, inter alia, for a judgment declaring that the plaintiffs' expulsion from the defendant Suffolk County Police Benevolent Association, Inc., was "illegal and improper," the plaintiffs appeal (1) from an order of the Supreme Court, Suffolk County (Cohen, J.), dated October 5, 2010, which granted the motion of the defendants Suffolk County Police Benevolent Association, Inc., and John E. Frayler for summary judgment dismissing the complaint insofar as asserted against them as time-barred, and (2), as limited by their brief, from so much of a judgment of the same court entered August 1, 2011, as, upon the order, dismissed the complaint insofar as asserted against the defendants Suffolk County Police Benevolent Association, Inc., and John E. Frayler as time-barred.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants

Suffolk County Police Benevolent Association, Inc., and John E. Frayler.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

By letters dated October 14, 2008, the plaintiff Richard Dormer, who was then the Police Commissioner of Suffolk County, and the plaintiff Roger Shannon, who was then the Deputy Police Commissioner of Suffolk County, were notified that they were expelled from the defendant Suffolk County Police Benevolent Association, Inc. (hereinafter the PBA). By letters dated November 21, 2008, the plaintiffs were notified that they were expelled from the defendant Superior Officers Association of the Police Department of the County of Suffolk (hereinafter the SOA).

On April 28, 2009, the plaintiffs commenced this action against, among others, the PBA and its president, the defendant John E. Frayler (hereinafter together the PBA defendants) and the SOA and its president and vice president (hereinafter together the SOA defendants). The plaintiffs alleged that they were expelled from the PBA and the SOA in retaliation for following official directives which required them to transfer responsibility for patrolling certain roadways on Long Island from the Suffolk County Police Department to the Office of the Sheriff. The plaintiffs sought a judgment declaring that their expulsions were "illegal and improper," and they also asserted causes of action to recover damages, inter alia, for breach of contract based on lost membership benefits.

The SOA defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion. Rejecting the plaintiffs' contention that the action sounded in breach of contract, rather than conduct which is subject to review in a CPLR article 78 proceeding, the Supreme Court agreed that the gravamen of the complaint insofar as asserted against the SOA defendants was the plaintiffs' expulsion from membership in the SOA, which was properly the subject of a CPLR article 78 proceeding. The court determined that the causes of action against the SOA defendants were barred by the applicable four-month statute of limitations, as the plaintiffs commenced this action more than four months after they were notified by letter dated November 21, 2008, that they were expelled from the SOA (*see* CPLR 217).

Thereafter, the PBA defendants moved for summary judgment dismissing the complaint insofar as asserted against them, based on contentions similar to the contentions that the SOA defendants asserted in their motion for summary judgment. In opposition, the plaintiffs argued that, although the motion of the SOA defendants for summary judgment had been granted, the causes of action against the PBA defendants were distinguishable, because the plaintiffs' expulsion from the PBA included the loss of a contract in the form of a life insurance policy, which established that the complaint sounded in contract and was the proper subject of a plenary action and not a CPLR article 78 proceeding.

The Supreme Court granted the motion of the PBA defendants on the ground that the causes of action asserted against them were time-barred under the four-month statute of limitations which applies in a CPLR article 78 proceeding (*see* CPLR 217).

Notwithstanding the allegations in the complaint that the PBA breached an implied contract and that the loss of a life insurance policy constitutes a contractual right which was breached by Dormer's expulsion from the PBA, the gravamen of the complaint concerns the conduct of a not-for-profit corporation whose allegedly illegal and improper actions in expelling two members are properly reviewable under CPLR article 78 (*see* CPLR art 78; Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:18; *State Div. of Human Rights v New York State Dept. of Correctional Servs.*, 90 AD2d 51, 66 n 7 [1982]; *Matter of Gray v Canisius Coll. of Buffalo*, 76 AD2d 30, 33 [1980]; *Matter of Weidenfeld v Keppler*, 84 App Div 235, 239 [1903], *affd* 176 NY 562 [1903]). Further, since the plaintiffs seek to reinstate their membership with full benefits nunc pro tunc, they seek relief that was properly the subject of a proceeding pursuant to CPLR article 78 (*see* *Broderick v Board of Educ., Roosevelt Union Free School Dist.*, 253 AD2d 836, 837 [1998]; *Page v Macchiarola*, 126 AD2d 713, 713-714 [1987]; *cf. Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd.*, 86 AD3d 83, 89-90 [2011]).

The PBA defendants also established that although the plaintiffs were notified of their expulsion from the PBA by letters dated October 14, 2008, they failed to commence this action until April 28, 2009, which rendered the action time-barred under the four-month statute of limitations which applies under CPLR article 78 (*see* CPLR 217 [1]). Accordingly, the PBA defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint as time-barred (*cf.*

*Solnick v Whalen*, 49 NY2d 224 [1980]; *see Broderick v Board of Educ., Roosevelt Union Free School Dist.*, 253 AD2d at 837; *Schiffer v Tarrytown Boat Club*, 219 AD2d 704, 704 [1995], *cert denied* 519 US 864 [1996]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). As a result, the Supreme Court properly granted the PBA defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.

The plaintiffs' remaining contentions are without merit. Angiolillo, J.P., Dickerson, Leventhal and Miller, JJ., concur.