■ In the Matter of DONALD SUTHERLAND, Respondent, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Appellants. [996 NYS2d 142]—

In a hybrid proceeding to review a determination of the Commissioner of the New York State Department of Environmental Conservation dated June 23, 2010, which adopted, in part, the recommendation of an Administrative Law Judge, made after a hearing, inter alia, finding that the petitioner had operated a nursery without a permit in violation of the Wild, Scenic and Recreational Rivers System Act and imposed a penalty, and action for a judgment declaring that the petitioner can continue to operate his nursery as an "agriculture use" without the need for a permit, the New York State Department of Environmental Conservation and Joseph Martens, Commissioner of the New York State Department of Environmental Conservation, appeal, by permission, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated May 18, 2012, as, upon reargument, in effect, vacated the determination in an order of the same court dated November 2, 2011, granting those branches of their prior motion which were pursuant to CPLR 3211 (a) (5) to dismiss the first and second causes of action as time-barred, and thereupon denied those branches of the motion.

Ordered that the order dated May 18, 2012, is reversed insofar as appealed from, on the law, with costs and, upon reargument, the determination in the order dated November 2, 2011, granting those branches of the motion of the New York State Department of Environmental Conservation and Joseph Martens, Commissioner of the New York State Department of Environmental Conservation, which were pursuant to CPLR 3211 (a) (5) to dismiss the first and second causes of action as time-barred is adhered to.

The petitioner, inter alia, seeks a judgment declaring that he is not required to apply to the New York State Department of Environmental Conservation (hereinafter the DEC) for a permit to operate a commercial nursery on his property, which lies within the scenic river corridor of the Carmans River and is subject to the Wild, Scenic and Recreational Rivers System Act (see ECL 15-2701 et seq.) and its implementing regulations, because it qualifies as a permitted agricultural use. In a determination dated June 23, 2010, made after a hearing directed by law at which evidence was taken, the Commissioner of the DEC determined that issue adversely to the petitioner. Although the petitioner styled his first cause of action as one for declaratory relief, his claims, in effect, seek review of the Commissioner's determination that he is not exempt from the permit requirement on the ground that it is not supported by substantial evidence. Accordingly, those claims fall within the purview of a

CPLR article 78 proceeding (*see* CPLR 7803 [4]; *New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 205 [1994]; *Town of Riverhead v County of Suffolk*, 78 AD3d 1165, 1166 [2010]; *Long Is. Power Auth. Ratepayer Litig.*, 47 AD3d 899, 900 [2008]; *Broderick v Board of Educ., Roosevelt Union Free School Dist.*, 253 AD2d 836, 837 [1998]). Accordingly, the proper procedural vehicle for the petitioner's causes of action is a proceeding pursuant to CPLR article 78, which is governed here by a four-month statute of limitations (*see* CPLR 217 [1]).

Contrary to the petitioner's contention that the four-month statute of limitations did not begin to run until he was personally served with a copy of the Commissioner's administrative order, the statute of limitations began to run when the petitioner's attorney, who represented him at the administrative hearing, received the order (*see Matter of Bianca v Frank*, 43 NY2d 168 [1977]; *Thompson v City of Poughkeepsie School Dist.*, 133 AD2d 752, 753-754 [1987]; *Matter of Hammer v Suffolk County Dept. of Labor*, 51 AD2d 549 [1976]). Consequently, this proceeding/action was time-barred when the petitioner commenced it on March 31, 2011, and the Supreme Court erred, upon reargument, in vacating a prior determination and thereupon denying those branches of the appellants' motion which were pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the first cause of action, which was for declaratory relief, and the second cause of action, which was for a statutory award of an attorney's fee and costs pursuant to CPLR article 86. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.