In the Matter of JAMES GAFFNEY et al., Respondents, v VILLAGE OF MAMARONECK et al., Appellants. INSURANCE CORPORATION OF HANNOVER, Nonparty Respondent. [801 NYS2d 401]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of Kevin J. Plunkett, in his capacity as Village Attorney of the Village of Mamaroneck, dated September 30, 2003, denying the petitioners' application, among other things, to choose their own counsel at the expense of the Village of Mamaroneck in a pending federal litigation, the Village of Mamaroneck and Kevin J. Plunkett, in his capacity as Village Attorney of the Village of Mamaroneck, appeal from (1) a judgment of the Supreme Court, Westchester County (Lange, J.), entered October 22, 2003, which, in effect, granted the petition, annulled the determination, and denied their application to implead the nonparty Insurance Corporation of Hannover, and (2) an order of the same court entered November 7, 2003, which granted an application of the petitioner Robert Holland, in effect, to clarify so much of the judgment as granted that branch of the petition which was to direct the Village of Mamaroneck to compensate the petitioner for reasonable attorneys' fees and directed the Village of Mamaroneck to compensate the petitioners' counsel for reasonable attorneys' fees.

Ordered that the judgment is affirmed; and it is further,

Ordered that on the Court's own motion, the notice of appeal from the order entered November 7, 2003, is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order entered November 7, 2003 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioners.

"[C]onstruction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld" (Matter of Howard v Wyman, 28 NY2d 434, 438 [1971]; see Matter of Astoria Gas Turbine Power, LLC v Tax Commn. of City of N.Y., 14 AD3d 553, 556). "Where, however, the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency" (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459 [1980]; see Matter of Astoria

*Gas Turbine Power, LLC v Tax Commn. of City of N.Y., supra*). "In such a case, courts are 'free to ascertain the proper interpretation from the statutory language and legislative intent' " (*Seittelman v Sabol*, 91 NY2d 618, 625 [1998], quoting *Matter of Gruber [New York City Dept. of Personnel—Sweeney]*, 89 NY2d 225, 231-232 [1996]).

This matter involves only such statutory reading and analysis and the appellants' construction of the Village Code of Mamaroneck ch 36 (hereinafter chapter 36) is not entitled to deference. Upon examining chapter 36, we agree with the Supreme Court that the petitioners were "entitled to representation by private counsel of [their own] choice." Thus, the Supreme Court properly, in effect, granted the petition and annulled the determination denying the petitioners' application, inter alia, to choose their own counsel at the expense of the Village of Mamaroneck.

The appellants' remaining contention is without merit. Florio, J.P., H. Miller, Ritter and Rivera, JJ., concur.