In the Matter of WAYNE GROTH, Appellant, v BOARD OF EDUCATION OF UNIONDALE UNION FREE SCHOOL DISTRICT et al., Respondents. [825 NYS2d 134]—

In a proceeding pursuant to CPLR article 78 to review a determination dated December 6, 2004 terminating the petitioner's employment, the appeal is from a judgment of the Supreme Court, Nassau County (Bucaria, J.), dated June 22, 2005, which dismissed the petition as time-barred.

Ordered and adjudged that the judgment is reversed, on the

law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

The Supreme Court erred in dismissing the proceeding as time-barred. CPLR 217 provides that a proceeding against a body or officer must be commenced within four months of the date when an administrative review becomes final and binding (*see Matter of De Milio v Borghard,* 55 NY2d 216, 219 [1982]). Inasmuch as the petitioner was entitled to and was given a hearing, the four-month period began to run when he received notice of the administrative agency's adverse determination (*see Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole,* 95 NY2d 267, 270 [2000]; *De Milio v Borghard, supra; Matter of Mateo v Board of Educ. of City of N.Y.,* 285 AD2d 552, 553 [2001]; *90-92 Wadsworth Ave. Tenants Assn. v City of N.Y. Dept. of Hous. Preserv. & Dev.,* 227 AD2d 331 [1996]). The petitioner did not receive such notice until December 11, 2004. Therefore, the commencement of this proceeding by filing a petition on April 11, 2005 was timely.

Since the petition raises the issue of whether the determination terminating the petitioner's employment was supported by substantial evidence, this Court is empowered to treat the matter as if it had been transferred here in the first instance (*see* CPLR 7804 [g]; *Matter of Central Nyack Fire Dist. of Town of Clarkstown v Valley Cottage Fire Dist. of Town of Clarkstown,* 101 AD2d 886 [1984]; *Matter of O'Donnell v Rozzi,* 99 AD2d 494 [1984]; *Matter of Rivera v Beekman,* 86 AD2d 1, 5 [1982]).

Upon our review of the merits, we conclude that the hearing officer's determination was supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176 [1978]). Accordingly, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

The petitioner's remaining contentions are without merit. Schmidt, J.P., Adams, Santucci and Lifson, JJ., concur.