In the Matter of GEORGE A. HOLT, JR., Appellant, v LYNN M. MARINELLI, Individually and as Chairperson of the Erie County Legislature, et al., Respondents. [845 NYS2d 639]—

Appeal from a judgment of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered February 27, 2007 in a proceeding pursuant to CPLR article 78. The judgment determined that petitioner's seat in the Erie County Legislature was vacated by operation of law pursuant to Public Officers Law § 30 (1) (e) on January 8, 2007 and dismissed the amended petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: While petitioner was a County Legislator for Erie County, he pleaded guilty after "extensive" plea negotiations to two violations of Tax Law § 1817 (b) (1). Petitioner and his wife owned and operated a restaurant, and the plea resulted from underreporting sales tax revenues in connection with the restaurant. Shortly after the plea was entered, the Erie County Attorney wrote to respondent Lynn M. Marinelli informing her that, in his view, petitioner's plea of guilty resulted in an automatic vacatur of petitioner's seat in the Erie County Legislature pursuant to Public Officers Law § 30 (1) (e). Marinelli thereafter announced the vacancy to the public.

Petitioner commenced this CPLR article 78 proceeding alleging that Marinelli and, by complicity, respondent Erie County Legislature, acted in excess of their jurisdiction and in violation of lawful procedure when they removed petitioner from his elected position. Petitioner sought, inter alia, a determination that his plea of guilty did not result in an automatic vacancy of his seat in the Erie County Legislature by operation of law pursuant to Public Officers Law § 30 (1) (e). We conclude that Supreme Court properly determined that petitioner's seat was vacated by operation of that statute and dismissed the amended petition.

Public Officers Law § 30 (1) (e) provides for automatic vacatur of a public office upon the officer's "conviction of a felony, or a crime involving a violation of his oath of office." The Tax Law section to which petitioner pleaded guilty provides that "[a]ny person who willfully makes and subscribes any return, report, statement or other document which is required to be filed with or furnished to the tax commission or to any person, pursuant to the provisions of article twenty-eight of this chapter, which he does not believe to be true and correct as to every material

matter shall be guilty of a misdemeanor" (Tax Law § 1817 [b] [1]). Inasmuch as a violation of that section is a misdemeanor, a conviction under that section will result in an automatic vacancy of petitioner's office only if the crime involved a violation of petitioner's oath of office. We conclude that it did involve such a violation.

In *Matter of Duffy v Ward* (81 NY2d 127, 130 [1993]), the Court of Appeals wrote that, in applying Public Officers Law § 30 (1) (e) to misdemeanor convictions arising outside the line of duty, "courts should look not to the facts of the particular case but solely to the elements of the crime." The Court further wrote that, if the elements of the crime cannot be read to constitute a crime involving a violation of the public officer's oath of office, the public officer "should [be] afforded a hearing before [facing removal from office]" (*id.*). "When [a public] officer's moral integrity is called into question, so is the oath, and the public's trust in its government is necessarily undermined" (*id.* at 134). The Court concluded that section 30 (1) (e) applied to misdemeanor convictions arising only "from knowing or intentional conduct indicative of a lack of moral integrity . . . [, i.e.,] one involving willful deceit or a calculated disregard for honest dealings. More than intent or a criminal *mens rea* is needed for summary dismissal; there must be an intentional dishonesty or corruption of purpose inherent in the act prohibited by the . . . [l]aw" (*id.* at 135).

In our view, a violation of Tax Law § 1817 (b) (1) involves "willful deceit or a calculated disregard for honest dealings" (*Duffy*, 81 NY2d at 135). A person violates section 1817 (b) (1) when he or she makes and subscribes a tax document that he or she does not believe to be true and correct with respect to every material matter. Contrary to petitioner's contention, the statute does not criminalize sloppy business practices or poor record keeping; it criminalizes the filing of documents that the filer did not believe to be true with respect to every material matter. Thus, we conclude that a person convicted of that crime has shown a calculated disregard for honest dealings, and automatic vacatur of the public office must follow (*cf. Matter of Johnson v New York City Dept. of Envtl. Protection*, 7 AD3d 383 [2004]; *Matter of Maldarelli v Doherty*, 7 AD3d 384 [2004], *lv denied* 4 NY3d 703 [2005]). Present—Scudder, P.J., Hurlbutt, Lunn and Pine, JJ.