■ In the Matter of TIMOTHY MUNROE, Appellant, v JOSEPH PONTE et al., Respondents. [50 NYS3d 423]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York City Department of Correction dated February 7, 2014, which summarily terminated the petitioner's employment as a correction officer pursuant to Public Officers Law § 30 (1) (e) on the basis of his misdemeanor conviction of falsifying business records in the second degree, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Weiss, J.), entered June 9, 2015, which granted the respondents' motion pursuant to CPLR 3211 (a) and 7804 (f) to dismiss the petition, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

In March 2009, the petitioner, a correction officer employed by the respondent New York City Department of Correction (hereinafter the DOC), was served with disciplinary charges alleging that in January 2009, he left his assigned post without permission or authority and entered a different area of the prison, where he carried on "an undue relationship" with an inmate. Additionally, the petitioner was charged with making "false entries in the . . . enhanced security post logbook." In October 2009, the petitioner was indicted on several charges, including falsifying business records in the second degree and attempted assault in the third degree. In 2013, the petitioner was convicted of falsifying business records in the second degree (Penal Law § 175.05 [1]).

In February 2014, the DOC mailed a letter to the petitioner's last known address on file with the DOC advising him that his employment was terminated pursuant to Public Officers Law § 30 (1) (e). In August 2014, the petitioner commenced this CPLR article 78 proceeding against the DOC and the Commissioner of the DOC (hereinafter together the respondents), alleging, among other things, that the termination of his employment was arbitrary and capricious. The respondents moved pursuant to CPLR 3211 (a) and 7804 (f) to dismiss the petition on the grounds that the petition failed to state a cause of action and that the proceeding was time-barred. In an order and judgment entered June 9, 2015, the Supreme Court granted the motion on the ground that the proceeding was time-barred, and dismissed the proceeding. We affirm, albeit on a different ground than that relied upon by the Supreme Court.

Contrary to the Supreme Court's determination, the four-month statute of limitations did not begin to run when the petitioner was personally served with a copy of the respondents' letter notifying him that his employment had been terminated. At that time, the respondents were on notice that the petitioner had retained counsel to represent him in connection with the disciplinary charges. " '[B]asic procedural dictates and . . . fundamental policy considerations . . . require that once counsel has appeared in a matter a Statute of Limitations or time requirement cannot begin to run unless that counsel is served with the determination or the order or judgment sought to be reviewed' " (*Matter of Odunbaku v Odunbaku*, 28 NY3d 223, 227-228 [2016], quoting *Matter of Bianca v Frank*, 43 NY2d 168, 173 [1977]). Under the circumstances of this case, the respondents were required to serve a copy of the letter on the petitioner's counsel in order for the statute of limitations to

commence running (*see Matter of Bianca v Frank*, 43 NY2d at 173; *Matter of Sutherland v New York State Dept. of Envtl. Conservation*, 122 AD3d 759, 761 [2014]; *Thompson v City of Poughkeepsie School Dist.*, 133 AD2d 752, 753-754 [1987]). Accordingly, the court erred in dismissing the proceeding on the ground that it was time-barred.

Since the respondents' motion also sought dismissal on the ground that the petition failed to state a cause of action, and that issue was argued before the Supreme Court and has been briefed by the parties on appeal, we address it in the interest of judicial economy (*see Barone v Barone*, 130 AD3d 765, 767 [2015]). "On a motion pursuant to CPLR 3211 (a) (7) and 7804 (f), only the petition is considered, all of its allegations are deemed true, and the petitioner is accorded the benefit of every possible inference" (*Matter of Brown v Foster*, 73 AD3d 917, 918 [2010]; *see Matter of Johnson v County of Orange*, 138 AD3d 850, 850-851 [2016]). "In determining such a motion, the sole criterion is whether the petition sets forth allegations sufficient to make out a claim that the determination sought to be reviewed was 'made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion' " (*Matter of Kunik v New York City Dept. of Educ.*, 142 AD3d 616, 617 [2016], quoting CPLR 7803 [3]).

Pursuant to Public Officers Law § 30 (1) (e), an office is deemed vacant upon an officer's "conviction of a felony, or a crime involving a violation of his [or her] oath of office" (*see Matter of Feola v Carroll*, 10 NY3d 569, 572 [2008]; *Matter of Duffy v Ward*, 81 NY2d 127, 131 [1993]). "Summary dismissal is . . . justified in circumstances where [a] misdemeanor for which the officer is convicted 'demonstrat[es] a lack of moral integrity,' namely, one that involves a 'willful deceit or a calculated disregard for honest dealings' " (*Matter of Feola v Carroll*, 10 NY3d at 573, quoting *Matter of Duffy v Ward*, 81 NY2d at 135). Here, the petitioner's conviction of falsifying business records in the second degree (Penal Law § 175.05 [1]), a class A misdemeanor, was an offense involving willful deceit, and resulted in automatic vacatur of his position pursuant to Public Officers Law § 30 (1) (e) (*see Matter of Depamphilis v Kelly*, 107 AD3d 611, 611 [2013]; *Matter of Holt v Marinelli*, 45 AD3d 1317, 1318 [2007]; *see also Matter of Feola v Carroll*, 10 NY3d at 573). Under the circumstances of this case, the petition failed to set forth allegations sufficient to make out a claim that the termination of the petitioner's employment was "made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]).

The petitioner's remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Chambers, Roman and Brathwaite Nelson, JJ., concur.