Matter of Johnson v Town of Hamburg (2018 NY Slip Op 08820)





Matter of Johnson v Town of Hamburg


2018 NY Slip Op 08820


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., NEMOYER, CURRAN, AND TROUTMAN, JJ.


1274 CA 18-00638

[*1]IN THE MATTER OF THOMAS JOHNSON, JANE JOHNSON, JOE CLAUS AND MICHELLE CLAUS, PETITIONERS-RESPONDENTS,
v
TOWN OF HAMBURG, GREEN ACRES, INC., RESPONDENTS, AND GLENN WETZL, RESPONDENT-APPELLANT. 






HOPKINS SORGI & ROMANOWSKI PLLC, WILLIAMSVILLE (SEAN W. HOPKINS OF COUNSEL), FOR RESPONDENT-APPELLANT.
LIPPES & LIPPES, BUFFALO (RICHARD J. LIPPES OF COUNSEL), FOR PETITIONERS-RESPONDENTS. 


 Appeal from a judgment of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), dated June 16, 2017 in a proceeding pursuant to CPLR article 78. The judgment annulled a determination of the Town Board of respondent Town of Hamburg rezoning a parcel of land. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination of the Town Board of respondent Town of Hamburg (Town) granting the application of respondent Glenn Wetzl to rezone a parcel of land to allow the construction of a clustered patio-home project (project). In his answer, Wetzl raised an affirmative defense and objection in point of law that petitioners failed to state a claim upon which relief could be granted, and sought dismissal of the petition. We agree with Wetzl that Supreme Court erred in annulling the rezoning determination based on the purported failure of the Town Board to comply with Town Law
§ 264, as asserted in petitioners' fourth cause of action. That section provides that no amendment to any zoning regulation "shall become effective until after a public hearing in relation thereto, at which the public shall have an opportunity to be heard," and that "[a]t least ten days' notice of the time and place of such hearing shall be published in a paper of general circulation in such town"
(§ 264 [1]). "The sufficiency of the notice is tested by whether it fairly apprises the public of the fundamental character of the proposed zoning change. It should not mislead interested parties into foregoing attendance at the public hearing" (Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 678 [1996]). Here, the notice relating to the rezoning application announced a public hearing on the adoption of an amendment to the Town's Zoning Code with respect to a specified "29.29 acres of vacant land" rather than the 24.24 acres actually under consideration. We conclude, however, that the notice was sufficient and that the court therefore erred in failing to dismiss the fourth cause of action. There is nothing in the record supporting the court's conclusion that a member of the public could reasonably have been misled by the erroneous description of the acreage and thereby caused to forego attending the public hearing.
We further agree with Wetzl that, although the court did not address petitioners' remaining three causes of action, we may consider them in the interest of judicial economy inasmuch as the record is adequate to permit review and the issues relating to them have been briefed by the parties on appeal (see Matter of Munroe v Ponte, 148 AD3d 1025, 1027 [2d Dept 2017]; see also LM Bus. Assoc., Inc. v State of New York, 124 AD3d 1215, 1218 [4th Dept [*2]2015], lv denied 25 NY3d 905 [2015]; Matter of Melber v New York State Educ. Dept., 71 AD3d 1216, 1217 [3d Dept 2010]). Upon our review of the record, we agree with Wetzl that the remaining causes of action must also be dismissed.
Contrary to the allegations in petitioners' first cause of action, the Town Board did not violate article 8 of the Environmental Conservation Law (State Environmental Quality Review Act [SEQRA]). We agree with Wetzl that the Town Board properly classified the project as an unlisted action, which, unlike a Type I action, does not carry a "presumption that it is likely to have a significant adverse impact on the environment" (6 NYCRR 617.4 [a] [1]; see Matter of Village of Chestnut Ridge v Town of Ramapo, 99 AD3d 918, 925 [2d Dept 2012], lv dismissed and denied 20 NY3d 1034 [2013]; see also 6 NYCRR 617.6 [a] [2], [3]). Further, the Town Board provided a reasoned elaboration of the basis for its determination to issue a negative declaration that allowed for effective judicial review (see 6 NYCRR 617.7 [b] [4]; cf. Matter of Dawley v Whitetail 414, LLC, 130 AD3d 1570, 1571 [4th Dept 2015]), and we reject petitioners' contention that the Town Board failed to take the requisite hard look at the relevant areas of environmental concern, including, among other things, the effect of the project on preexistent flooding in the area to be rezoned (see Matter of Pilot Travel Ctrs., LLC v Town Bd. of Town of Bath, 163 AD3d 1409, 1412 [4th Dept 2018]).
Contrary to the allegations in petitioners' second cause of action, the record establishes that, before taking final action on the proposed rezoning, the Town Board did refer the matter to the Erie County Department of Environment and Planning (ECDEP) for review in compliance with General Municipal Law § 239-m, and the ECDEP's failure to issue a recommendation within 30 days of "receipt of a full statement of such proposed action" permitted the Town Board to make a final determination on the rezoning application (General Municipal Law § 239-m [4] [b]). In addition, the affidavit of the Town Board's planning consultant establishes that the submission to the ECDEP included, among other things, the SEQRA-related materials that petitioners contend on appeal were omitted (see General Municipal Law § 239-m [1] [c]).
Finally, we agree with Wetzl that petitioners' third cause of action must also be dismissed because petitioners failed to demonstrate that a "clear conflict" exists between the Town's comprehensive plan and the rezoning determination (Matter of Ferraro v Town Bd. of Town of Amherst, 79 AD3d 1691, 1694 [4th Dept 2010], lv denied 16 NY3d 711 [2011] [internal quotation marks omitted]; see Bergstol v Town of Monroe, 15 AD3d 324, 325 [2d Dept 2005], lv denied 5 NY3d 701 [2005]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court