Matter of Town of Huntington v County of Suffolk (2021 NY Slip Op 03844)





Matter of Town of Huntington v County of Suffolk


2021 NY Slip Op 03844


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-02951
 (Index No. 9045/16)

[*1]In the Matter of Town of Huntington, appellant,
v
County of Suffolk, respondent.


Gerber Ciano Kelly Brady LLP, New York, NY (Brian W. McElhenny of counsel), for appellant.
Dennis M. Cohen, County Attorney, Hauppauge, NY (John R. Petrowski of counsel), for respondent.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the Town of Huntington appeals from a judgment of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated February 15, 2017. The judgment, inter alia, denied the petition to annul a resolution adopted by the County of Suffolk on March 29, 2016, apportioning the costs of maintaining County roads to the municipalities in which the roads are located, and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In September 2011, following this Court's opinion and order in Town of Huntington v County of Suffolk (79 AD3d 207), the County of Suffolk informed the Town of Huntington, as well as the other municipalities within the County's borders, that it intended to pass a resolution to apportion 100% of the costs for maintaining County roads to the municipalities in which the roads were located. In or about June 2015, the County approved Resolution No. 600-2015 (hereinafter the resolution), which, in pertinent part, pursuant to Highway Law § 129, established a policy of apportioning the maintenance costs associated with the County road system to the municipalities in which such roadways are located. The resolution was officially adopted on March 29, 2016, after
a public hearing.
In a letter dated May 18, 2016, the County informed the Town that, in accordance with the newly adopted resolution, it was financially responsible for $347,432.71 in road maintenance from April 1, 2015, through December 31, 2015. The County also outlined certain costs anticipated for the 2016 and 2017 years.
On September 15, 2016, the Town commenced this hybrid proceeding pursuant to CPLR article 78 to annul the resolution and action for a judgment declaring that the resolution is invalid. The County answered the petition/complaint and argued, among other things, that the proceeding/action was untimely. In a judgment dated February 15, 2017, the Supreme Court, inter alia, denied the petition and dismissed the proceeding on the ground that it was time-barred by the applicable statute of limitations. The Town appeals.
"Unless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217[1]). A determination is "final and binding" within the meaning of CPLR 217 when "the decisionmaker arrives at a 'definitive position on the issue that inflicts an actual, concrete injury'" (Stop-The-Barge v Cahill, 1 NY3d 218, 223, quoting Matter of Essex County v Zagata, 91 NY2d 447, 453) and "the petitioner seeking review has been aggrieved by it" (Matter of Yarbough v Franco, 95 NY2d 342, 346; see Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole, 95 NY2d 267, 270).
Here, the resolution became final and binding on the Town when it was officially adopted by the County on March 29, 2016. The Town's contention that the resolution did not become final and binding until May 18, 2016, is without merit. The May 18, 2016 letter merely memorialized the amount the Town owed the County for road maintenance for the period from April 1, 2015, through December 31, 2015, and advised the Town of anticipated future costs to particular roads. The County arrived at a definitive position on the resolution when it was officially adopted on March 29, 2016, at which time the Town was aggrieved by that determination. Since this hybrid proceeding/action was not commenced until September 15, 2016, more than four months later, the Supreme Court properly determined that it was time-barred and, among other things, denied the petition and dismissed the proceeding.
In light of our determination, we do not reach the parties' remaining contentions.
DILLON, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court