Matter of Boyd v Hilton (2023 NY Slip Op 00998)

Matter of Boyd v Hilton

2023 NY Slip Op 00998

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-13209
 (Index No. 3032/18)

[*1]In the Matter of Alicia Boyd, et al., appellants,
v
Mia Hilton, etc., et al., respondents.

Alicia Boyd and LaShaun Ellis, Brooklyn, NY, appellants pro se.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner and Jamison Davies of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent/defendant Brooklyn Community Board 9 to join as co-applicant in a certain rezoning application and denial by that respondent/defendant of the requests of the petitioners/plaintiffs to produce certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), and action, among other things, for related declaratory relief, the petitioners/plaintiffs appeal from a judgment of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated September 10, 2019. The judgment denied the petition and dismissed the proceeding/action.
ORDERED that the judgment is affirmed, with costs.
The petitioners/plaintiffs (hereinafter the petitioners) commenced this hybrid proceeding pursuant to CPLR article 78 and action, inter alia, for declaratory relief, seeking, among other things, review of a determination of the respondent/defendant Brooklyn Community Board 9 (hereinafter CB9) to join as co-applicant in a certain rezoning application and CB9's denial of the petitioners' requests to produce certain records pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL). By judgment dated September 10, 2019, the Supreme Court denied the petition and dismissed the proceeding/action. The petitioners appeal.
"[A] proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217[1]). "A determination is 'final and binding' within the meaning of CPLR 217 when 'the decisionmaker arrives at a definitive position on the issue that inflicts an actual, concrete injury'" (Matter of Town of Huntington v County of Suffolk, 195 AD3d 851, 852, quoting Stop-The-Barge v Cahill, 1 NY3d 218, 223 [internal quotation marks omitted]). Here, so much of the petition/complaint filed in December 2018 as challenged CB9's determination to join as co-applicant in the rezoning application, which was made on November 22, 2016, was untimely (see Matter of Town of Huntington v County of Suffolk, 195 AD3d at 852).
Further, so much of the proceeding/action as sought review of the denial of the petitioners' FOIL requests was untimely, as the proceeding/action was commenced more than four [*2]months after the constructive denial of the petitioners' administrative appeals from the denial of their FOIL requests, and the petitioners' subsequent duplicative FOIL requests did not serve to revive the statute of limitations with respect to the original requests (see Matter of Jewish Press, Inc. v New York City Dept. of Hous. Preserv. & Dev., 193 AD3d 483; Matter of Rios v Gonzalez, 179 AD3d 706, 706-707).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we affirm the judgment denying the petition and dismissing the proceeding/action.
IANNACCI, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court