Matter of SR PPW, LLC v City of New York (2023 NY Slip Op 02665)

Matter of SR PPW, LLC v City of New York

2023 NY Slip Op 02665

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-06287
2021-02007
 (Index No. 508347/19)

[*1]In the Matter of SR PPW, LLC, respondent, 
v
City of New York, et al., appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Scott Shorr and Tahirih M. Sadrieh of counsel), for appellants.
Leon I. Behar, P.C., New York, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review three determinations of the New York City Office of Administrative Trials and Hearings, two dated June 12, 2018, and one dated December 12, 2018, each of which, inter alia, denied a motion by the petitioner to vacate its default in responding to a summons issued by the New York City Department of Buildings, the appeal is from (1) a decision of the Supreme Court, Kings County (Bruce M. Balter, J.), dated July 7, 2020, and (2) a judgment of the same court (Lawrence Knipel, J.) entered February 22, 2021. The judgment, in effect, granted the petition and annulled the determinations.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is reversed, on the law, the petition is denied, and the proceeding is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
Between January 2017 and April 2018, the New York City Department of Buildings issued three summonses to the petitioner, the owner of a building in which a restaurant was operated, alleging that the petitioner violated section 28—118.3.2 of the Administrative Code of the City of New York by converting a basement into a food preparation area for the restaurant. The petitioner failed to appear for the scheduled hearings. The New York City Office of Administrative Trials and Hearings (hereinafter OATH) issued determinations dated March 13, 2017, July 31, 2017, and June 18, 2018, one as to each summons, in which a hearing officer, upon the petitioner's default, found violations of the Administrative Code and imposed a penalty. Thereafter, the petitioner separately moved before the OATH to vacate its defaults in responding to the three summonses. In two determinations, both dated June 12, 2018, the OATH denied the petitioner's motions to vacate its defaults with respect to the first two summonses, and affirmed the determinations finding violations of the Administrative Code and imposing a penalty. In a determination dated December 12, 2018, the OATH denied the petitioner's motion to vacate its default with respect to the third summons, and affirmed the determination finding a violation of the Administrative Code and imposing a penalty.
By filing a petition dated April 11, 2019, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the OATH's determinations dated June 12, 2018, and its determination dated December 12, 2018. In a judgment entered February 22, 2021, the Supreme Court, in effect, granted the petition and annulled the determinations. The City of New York, the OATH, the City of New York Environmental Control Board, and the New York City Department of Buildings, which were the respondents in the Supreme Court, appeal.
"[A] proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217[1]). "A determination is final and binding within the meaning of CPLR 217 when the decisionmaker arrives at a definitive position on the issue that inflicts an actual, concrete injury" (Matter of Town of Huntington v County of Suffolk, 195 AD3d 851, 852 [internal quotation marks omitted]; see Stop—The—Barge v Cahill, 1 NY3d 218, 223). Here, those branches of the petition which challenged the determinations denying the petitioner's request to vacate its defaults with respect to the first two summonses were barred by the statute of limitations, since those determinations were made on June 12, 2018, and the petition was filed more than four months later, on April 11, 2019 (see Matter of Boyd v Hilton, 213 AD3d 927, 928; Matter of Town of Huntington v County of Suffolk, 195 AD3d at 852).
With respect to the third summons, contrary to the petitioner's contention, the appellants established that, prior to using affix and mail service pursuant to New York City Charter § 1049-a(d)(2), they made a reasonable attempt to deliver the summons to a person in the subject premises upon whom service may be made as provided for by CPLR article 3 (see NY City Charter § 1049-a[d][2][b]; Matter of Mestecky v City of New York, 30 NY3d 239, 242-246; City of New York v Bay Ridge Prince, LLC, 168 AD3d 808, 810; Matter of Carone v New York City Envtl. Control Bd., 139 AD3d 402, 403). Thus, the OATH's determination rejecting the petitioner's claim of lack of proper service and thereupon denying its motion to vacate its default in responding to the third summons was not arbitrary or capricious, made in violation of lawful procedure, or affected by an error of law (see CPLR 7803[3]). Accordingly, the Supreme Court should have denied, on the merits, that branch of the petition which challenged the determination denying the petitioner's request to vacate its default with respect to the third summons.
For the foregoing reasons, we reverse the judgment, deny the petition, and dismiss the proceeding.
BRATHWAITE NELSON, J.P., ZAYAS, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court