Matter of Biggest Fish Westchester LLC v Village of Tuckahoe (2024 NY Slip Op 51686(U))

[*1]

Matter of Biggest Fish Westchester LLC v Village of Tuckahoe

2024 NY Slip Op 51686(U)

Decided on December 13, 2024

Supreme Court, Westchester County

Ondrovic, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 13, 2024
Supreme Court, Westchester County

In the Matter of the Application of Biggest Fish Westchester, LLC, Petitioner/Plaintiff, 
 For a Judgment pursuant to Article 78 of the CPLR and  For Declaratory Judgment Relief,

against
The Village of Tuckahoe, THE BOARD OF TRUSTEES OF THE VILLAGE OF TUCKAHOE, and FRIENDS OF THE WARD HOUSE, INC., Respondents/Defendants.

Index No. 68970/2022

Zarin & Steinmetz - Attorneys for petitioner
Miranda Slone Sklarin Verveniotis LLP - Attorneys for Respondents FWH
Bleakley Platt & Schmidt LLP - Attorneys for Respondents Village

Robert S. Ondrovic, J.

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of respondent/defendant The Board of Trustees of the Village of Tuckahoe dated August 8, 2022, which, after a hearing, adopted the recommendation of the Tuckahoe Historic Preservation Commission and designated as a local landmark the premises known as the Ward House, and action for declaratory relief, the respondent/defendant Friends of the Ward House, Inc. moves pursuant to CPLR 3211(a) to dismiss the petition/complaint insofar as asserted against it and for the imposition of sanctions against the petitioner/plaintiff, and the respondents/defendants Village of Tuckahoe and the Board of Trustees of the Village of Tuckahoe separately move pursuant to CPLR 3211(a) to dismiss the petition/complaint insofar as asserted against them.
The following papers were considered in connection with the above referenced motions:[*2]
PAPERS                                      
NUMBERED
Notice of Motion, Affirmation, Exhibits 1 — 26
A — W, Amended Memo of Law
Affirmation in Opposition, Exhibits A — B, 27 — 30
Memo of Law in Opposition
Reply Affirmation, Exhibits A — C, Reply Memo 31 — 35 
of Law
Notice of Motion, Affirmation 36 — 37
Affirmation in Opposition, Exhibits A — B, 38 — 41
Memo of Law in Opposition
Reply Affirmation 42
Relevant Factual and Procedural Background
In February 2022, the respondent/defendant Friends of the Ward House, Inc. (hereinafter FWH) submitted a Landmark Nomination Form to the Tuckahoe Historic Preservation Commission (hereinafter the HPC) to designate the Ward House a local landmark. A public meeting was held on April 14, 2022, at which time the HPC considered FWH's application.
By Landmark Designation Resolution dated June 9, 2022, the HPC determined that the Ward House met the criteria defining a landmark and recommended to the respondent/defendant The Board of Trustees of the Village of Tuckahoe (hereinafter the Board) that they hold a public hearing and take a vote to make the Ward House a landmark.
Following a public recorded meeting held on August 8, 2022, the Board passed a resolution designating the Ward House a local landmark.
The instant action
In December 2022, Biggest Fish commenced this proceeding against the respondents the Village of Tuckahoe (hereinafter Tuckahoe, together with the Board, the Village), the Board, and FWH seeking, inter alia, to annul the Board's resolution and a judgment declaring that the Ward House was not properly designated a local landmark.
FWH's motion
In May 2023, FWH moved pursuant to CPLR 3211(a) to dismiss the petition/complaint insofar as asserted against it and for the imposition of sanctions against Biggest Fish. In a memorandum of law, FWH argued that the determination of the Board to designate the Ward House a landmark had a rational basis, was not arbitrary and capricious, and should be given deference. FWH emphasized that the determination was made after a public hearing and was supported by historical factual information sourced from 46 scholarly publications. It also noted that the Board received submissions advocating for landmark status for the Ward House from 8 historical societies and 3 historians.
FWH further argued that the petition should be dismissed because this proceeding constitutes an impermissible Strategic Lawsuit Against Public Participation (hereinafter SLAPP suit) (see Civil Rights Law § 76-a[1][a]). FWH contended that Biggest Fish commenced this proceeding against it in retaliation for filing the landmark application and that its support of the [*3]landmark designation constituted speech on a matter of public concern. FWH also argued that this proceeding must be dismissed as premature since the Board has not yet issued a certificate of appropriateness.
In opposition, Biggest Fish asserted that the Board's determination to designate the Ward House a local landmark was arbitrary and capricious. It emphasized that when it purchased the Ward House, the Historic Preservation Law of the Village Code had not yet been enacted and, after its enactment, only the HPC or Biggest Fish, as the owner of the Ward House, were permitted to submit an application seeking landmark designation pursuant to section 11A-5(a). Biggest Fish further argued that the Board unreasonably denied its request to adjourn the public hearing before passing the resolution and did not give it an opportunity to present a written submission.
Biggest Fish contended that contrary to FWH's contention, this proceeding does not implicate the anti-SLAPP law. It stated that it is simply exercising its right as the owner of the Ward House to challenge the Board's resolution in the context of an article 78 proceeding and that FWH, as the applicant, was named "as a nominal defendant/respondent solely to ensure that all necessary parties to this action have been named."[FN1]
Finally, Biggest Fish asserted that the Board's resolution was a final determination for purposes of judicial review under article 78, and, "in order to preserve its rights, [it] both filed this action challenging the [Board's] Resolution landmarking the Property and also filed an application for a Certificate of Appropriateness under the law to permit redevelopment of the [Ward House], in the alternative."[FN2]

In a reply memorandum of law, FWH reiterated that this proceeding is an improper SLAPP suit. FWH contended that Biggest Fish's "illegal retaliatory strategic decision in naming [FWH] as a Respondent in this action has caused both reputational and economic damage to [FWH]."[FN3]
FWH emphasized that Biggest Fish cannot demonstrate that this proceeding insofar as commenced against FWH has a substantial basis in law since no cause of action was even asserted against FWH and it "failed to plead anything against [FWH] other than its speech."[FN4]

FWH further argued that contrary to Biggest Fish's contention, "nothing in the Code prohibits any resident of Tuckahoe, a historical society, a not-for-profit, or anyone else from submitting a suggestion or recommendation to the [HPC] that it consider a building for landmarking consideration."[FN5]

In a reply affidavit, the president of FWH averred that Biggest Fish was on notice that the Ward House had been earmarked for landmark designation for over a decade prior to purchasing the property since the Ward House was identified as a historic property in Tuckahoe's 2014 Master Plan. He argued that FWH has been harmed as a result of being named in this proceeding because it has deterred persons from making financial contributions to FWH and joining FWH's Board.
The Village's motion
By notice of motion, the Village separately moved pursuant to CPLR 3211(a) to dismiss the petition/complaint insofar as asserted against them. In an affirmation, the Village's attorney argued that the Board's determination to designate the Ward House a local landmark was not arbitrary and capricious, and all notice and public hearing requirements were followed. The Village argued that this action is untimely under CPLR § 217 to the extent that Biggest Fish is challenging the resolution of the HPC on the ground that the HPC should not have considered the application filed by FWH under section 11A-5(a) of the Village Code. The Village argued that contrary to Biggest Fish's contention, recommendations to designate a landmark can be initiated by the HPC or the owner, but "do not need to be."[FN6]
The Village also asserted that Biggest Fish's counsel had an opportunity to be heard given that he spoke at length at the public hearing held by the HPC on April 21, 2022, and the public hearing held by the Board on August 8, 2022.
In opposition, Biggest Fish reiterated that the Ward House was not designated a local landmark when it purchased the property, the Historic Preservation Law had not yet been enacted, and, pursuant to section 11A-5(a) of the Village Code, only the owner of the property or the HPC itself is permitted to submit a landmark application. Biggest Fish argued that before passing the resolution, the Board arbitrarily denied its request for a reasonable adjournment of the hearing to allow it to meaningfully respond to FWH's application. It repeated that FWH was named as a respondent because it was the applicant and that it "would gladly discontinue against FWH so long as [it] obtains assurance that no defense of failure name FWH [] as a necessary party."[FN7]

In a reply affirmation, the Village's attorney argued that if, as Biggest Fish contends, the HPC erred in considering the application submitted by FWH, it was incumbent upon Biggest Fish to commence an article 78 proceeding within four months after the HPC's resolution dated June 9, 2022, yet failed to do so. The Village's attorney argued that, in any event, the Court should reject Biggest Fish's narrow reading of section 11A-5(a) and asserted that "the HPC is empowered to make landmark designating recommendations so long as its recommendations are made at a public meeting and are based on a comprehensive review of landmarking applications, associated materials, documentation, and comments from the public and property owners that are included in the public record."[FN8]
Finally, the Village's attorney argued that the Board's denial of Biggest Fish's request for an adjournment to prepare a written submission was not arbitrary or capricious.

 Analysis
"'[A] proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner'" (Matter of Boyd v Hilton, 213 AD3d 927, 928 [2d Dept 2023], quoting CPLR 217[1]). "'A determination is final and binding within the meaning of CPLR 217 when the decisionmaker arrives at a definitive position on the issue that inflicts an actual, concrete injury'" (id., quoting Matter of [*4]Town of Huntington v County of Suffolk, 195 AD3d 851, 852 [2d Dept 2021] [internal quotation marks omitted]). "The position taken by an agency is not definitive and the injury is not actual or concrete if the injury purportedly inflicted by the agency could be prevented, significantly ameliorated, or rendered moot by further administrative action or by steps available to the complaining party" (Stengel v Town of Poughkeepsie Planning Board, 167 AD3d 752, 754 [2d Dept 2018]; see Andrews v Incorporated Village of Freeport, 221 AD3d 809, 811 [2d Dept 2023]). "The policy underlying the dismissal for prematurity of Article 78 proceedings before a final and binding determination is to preclude the initiation of litigation that may thereafter become academic" (Matter of Samuel v Ortiz, 105 AD2d 624 [1 Dept 1984]).
"On a motion pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss a petition, all of its allegations are deemed true, and the petitioner is accorded the benefit of every possible inference" (Matter of Silverman v Town of Ramapo, 222 AD3d 652, 653 [2d Dept 2024]). As relevant here, the petition must set forth factual allegations which, if credited, are "sufficient to make out a claim that the determination sought to be reviewed was 'made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion'" (Matter of Kunik v New York City Dept. of Educ., 142 AD3d 616, 617 [2d Dept 2016], quoting CPLR 7803[3]; see Matter of Munroe v Ponte, 148 AD3d 1025, 1027 [2d Dept 2017]). Dismissal of the petition is warranted if the petitioner "fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v. Chipotle Mexican Grill, Inc., 29 NY3d 137, 142 [2017]).
In addition, "[w]hen evidentiary material outside the pleading's four corners is considered on a motion pursuant to CPLR 3211(a)(7) and the motion is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one and, unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Thomas v Garden City Park Water/Fire District, 229 AD3d 558, 560 [2d Dept 2024]).
FWH and the Village primarily argue in their respective motion papers that the Board's determination to issue the resolution designating the Ward House a local landmark was not arbitrary and capricious. They insist that the Board's determination was based on evidence in the record demonstrating that the Ward House contributes value to the cultural, social, and architectural history of the Village and that there was a rational basis for the designation.
In opposition, however, Biggest Fish argued, among other things, that the Board's determination was made in violation of lawful procedure and affected by an error of law because the application to designate the Ward House a landmark was initiated by FWH in violation of section 11A-5(a) of the Village Code. Section 11A-5(a) provides:
(a) Establishing a local landmark or historic district. Such recommendations may be initiated through an application prepared by any of the following:
(1) The commission;
(2) Owners of the property wishing to establish a local landmark or historic district, which includes their property.
"When considering questions of statutory interpretation, a court's primary consideration [*5]is to ascertain and give effect to the intention of the Legislature. The statutory text provides the clearest indication of legislative intent, and should be construed to give effect to its plain meaning" (Civil Service Employees Ass'n, Inc. v Westchester County Health Care Corp., 138 AD3d 741, 742 [2d Dept 2016] [internal quotation marks and citations omitted]). In addition, "where the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency" (Seittelman v Sabol, 91 NY2d 618, 625 [1998] [internal quotation marks omitted]). "In such a case, courts are free to ascertain the proper interpretation from the statutory language and legislative intent" (Gaffney v Village of Mamaroneck, 21 AD3d 1031, 1032 [2d Dept 2005]).
The Court is unpersuaded by the contention of FWH and the Village in their respective reply papers that use of the word "may" should be interpreted to mean that "while recommendations to designate a landmark can be initiated by the [HPC] (or by the relevant property owner), they do not need to be."[FN9]
Rather, a plain reading of the text explicitly limits the persons or entities that can prepare an application to initiate a recommendation by the HPC to designate an individual property as a local landmark to either the HPC or "[o]wners of property wishing to establish a local landmark or historic district, which includes their property" (Village Code of Tuckahoe § 11A-5[a][2]). FWH falls into neither of those categories.
Therefore, accepting Biggest Fish's allegations in the petition as true and affording it the benefit of every favorable inference, FWH and the Village failed to demonstrate that Biggest Fish does not have a cause of action for relief pursuant to CPLR article 78.
The Court also finds that, under the particular circumstances of this case, FWH failed to demonstrate that it is entitled to dismissal of the petition on the ground that this proceeding insofar as asserted against it constitutes an impermissible SLAPP suit. Civil Rights Law § 76-a(1)(a), as amended in 2020, provides, in relevant part, that an "action involving public petition and participation is a claim based upon: (1) any communication in a place open to the public or a public forum in connection with an issue of public interest; or (2) any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition" (Civil Rights Law § 76-a[1][a][1-2]). A "[c]laim" includes any lawsuit, cause of action, cross-claim, counterclaim, or other judicial pleading or filing requesting relief" (Civil Rights Law § 76-a[1][b]).
CPLR § 3211(g), provides that where the moving party has demonstrated that an action, claim, cross claim or counterclaim subject to the motion is an action involving public petition and participation as defined in Civil Rights Law § 76-a(1)(a), dismissal shall be granted unless the party responding to the motion demonstrates that the claim "has a substantial basis in law or is supported by a substantial argument for an extension, modification or reversal of existing law" (CPLR § 3211[g]; see Nelson v Ardery, 231 AD3d 179, 182 [2d Dept 2024]). "[T]he party moving for dismissal need not establish a dispositive procedural or substantive defense on the merits of the action, as otherwise required under other provisions of CPLR 3211, but rather, need only establish that the true nature of the action is one within the scope of anti-SLAPP. The actual burden of proof as to the action's meritoriousness is thereupon shifted in the context of anti-[*6]SLAPP immediately to the plaintiff, which is unique" (VIP Pet Grooming Studio, Inc. v Sproule, 224 AD3d 78, 83 [2d Dept 2024]).
FWH claims that Biggest Fish named it as a respondent in this proceeding in retaliation for seeking to designate the Ward House a landmark and for participating at the public hearings in support of the designation. Biggest Fish argues that FWH, as the applicant, was named as a respondent in this proceeding solely to avoid any potential risk of dismissal based on failure to name a necessary party. In its opposition papers, Biggest Fish offered to discontinue the proceeding against FWH so long as the failure to join FWH does not lead to dismissal of the action.
It is undisputed that no claim or cause of action is asserted against FWH and no relief is sought against FWH whatsoever. The only allegations concerning FWH in the petition are related to its submission of the landmark application to the HPC. The only relief sought by Biggest Fish in this proceeding is to annul the Board's resolution August 8, 2022, and a judgment declaring that the Ward House was not properly designated as a landmark. This lawsuit is not, as FWH attempts to frame it, based on "(1) any communication in a place open to the public or a public forum in connection with an issue of public interest; or (2) any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition" (Civil Rights Law § 76-a[1][a][1-2]). Under these circumstances, FWH failed to meet its initial burden of demonstrating that this proceeding is a SLAPP suit. Thus, the burden does not shift to Biggest Fish to demonstrate that that the "claim" has a "substantial basis in law" (Civil Rights Law § 3211[g]). 
The Court also rejects the contention of FWH and the Village that Biggest Fish was required to commence an article 78 proceeding within four months after the HPC issued its resolution on June 9, 2022 (see generally Cynwyd Investments, Inc. v Town of North Hempstead, 215 AD2d 755 [2d Dept 1995] [annulling determination of Town Board which accepted recommendation of Historic Landmarks Preservation Commission to designate a country club clubhouse a historic landmark]). The HPC's recommendation to the Board to hold a public hearing and take a vote to designate the Ward House a landmark is not "a definitive position on the issue that inflicts an actual, concrete injury" (Matter of Town of Huntington v County of Suffolk, 195 AD3d 851, 852 [2d Dept 2021]). 
Furthermore, this proceeding is not subject to dismissal on the ground that it is not ripe for judicial review in the absence of a certificate of appropriateness.[FN10]
FWH's reliance on Committee to Save the Beacon Theatre v City of New York, (146 AD2d 397 [1st Dept 1989]), in support of that proposition is unavailing since that case is distinguishable on its facts. In that case, the First Department held that the proceeding was not ripe for judicial review because a [*7]vote by the Landmarks Preservation Commission to grant a certificate of appropriateness provided that certain conditions were satisfied by the applicants, or a letter entitled Notice of Approval, indicating its approval of certain alterations to the interior of the Beacon Theater subject to certain stated conditions precedent, did not constitute a "final determination" within the meaning of CPLR 7801. In that case, the petitioner did not challenge a prior determination of the Commission to designate portions of the interior of the Beacon Theater as a landmark.
Similarly, in the seminal case of Church of St. Paul and St. Andrew v Barwick, (67 NY2d 510 [1986]), the Court of Appeals held that the question of whether "the Landmarks Law, as made applicable to plaintiff by virtue of the [landmark] designation, is unconstitutional because of the effect of that statute in obstructing or interfering with plaintiff's rebuilding program" was not ripe for judicial review because, "[h]ow much, if any, of plaintiff's rebuilding program will be thwarted and whether and to what extent it will suffer resultant constitutional harm cannot be known until the Commission acts on plaintiff's request for approval of its plans" (id. at 521-522). Unlike the case at bar, the Court explicitly emphasized that, "Plaintiff, we must repeat, does not directly challenge or seek to review the Commission's act of designating its property as a landmark" (id. at 521).
Here, in connection with this proceeding, Biggest Fish is challenging the Board's resolution dated August 8, 2022, designating the Ward House a local landmark. That determination is final and binding, and constitutes a definitive position on the issue that inflicts an actual, concrete injury to Biggest Fish since it, without question, impacts its property rights as owner of the Ward House.
Accordingly, it is hereby,
ORDERED that the motion of the respondent/defendant Friends of the Ward House, Inc. pursuant to CPLR 3211(a) to dismiss the petition/complaint insofar as asserted against it is denied; and it is further,
ORDERED that the motion of the respondents/defendants Village of Tuckahoe and the Board of Trustees of the Village of Tuckahoe pursuant to CPLR 3211(a) to dismiss the petition/complaint insofar as asserted against them is denied; and it is further,
ORDERED that the respondents/defendants shall file their respective answers within ten (10) days after service of notice of entry of this order pursuant to CPLR § 3211(f); and it is further,
ORDERED that all other relief requested and not decided herein is denied.
Dated: December 13, 2024
White Plains, NY
ENTER,
________________________________
HON. ROBERT S. ONDROVIC, J.S.C.

Footnotes

Footnote 1:NYSCEF Doc No 52 at 3

Footnote 2:id. at 12

Footnote 3:NYSCEF Doc No 65 at 3

Footnote 4:id. at 6 

Footnote 5:id. at 8

Footnote 6:NYSCEF Doc No 48 at ¶ 23

Footnote 7:NYSCEF Doc No 56 at p 3

Footnote 8:NYSEF Doc No 59 at ¶ 17 (internal quotation marks omitted)

Footnote 9:NYSCEF Doc No 48 at ¶ 23; see NYSCEF Doc No 59 at ¶ 15-16

Footnote 10:This hybrid proceeding was first assigned to this Court in October 2024. In the two years that have elapsed since this action was commenced and while the motions were still sub judice, Biggest Fish applied for a certificate of appropriateness seeking, inter alia, to demolish the Ward House, which was denied by the HPC in July 2023. In July 2024, shortly after the Board denied Biggest Fish's appeal to annul the HPC's determination, Biggest Fish commenced a hybrid article 78 proceeding against the HPC and the Village seeking, among other things, to annul the HPC's determination denying a certificate of appropriateness.