Argo v New York City Employees Retirement Sys. NYCERS (2025 NY Slip Op 06151)

Argo v New York City Employees Retirement Sys. NYCERS

2025 NY Slip Op 06151

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-02640
 (Index No. 526949/19)

[*1]Lori Argo, appellant, 
v
New York City Employees Retirement System NYCERS, respondent.

Lenihan and Associates, LLC, White Plains, NY (James Michael Lenihan of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Tahirih M. Sadrieh and D. Alan Rosinus, Jr., of counsel), for respondent.

DECISION & ORDER
In an action, in effect, for a judgment declaring that the defendant is obligated to pay a certain death benefit to the plaintiff, the plaintiff appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated November 9, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
Fernando Argo (hereinafter the decedent) was employed by the New York City Department of Parks and Recreation and was a member of the defendant, New York City Employees' Retirement System (hereinafter NYCERS), incorrectly sued herein as New York City Employees Retirement System NYCERS. On November 13, 1980, the decedent submitted a designation of beneficiary form (hereinafter the 1980 designation) to NYCERS, wherein the decedent designated his daughter, Lakeisha Lada, and his mother, Louis Moore, as beneficiaries for an ordinary death benefit (hereinafter the ODB), which was to be paid to the designated beneficiaries if the NYCERS member died while in service.
On August 20, 2008, the decedent submitted a designation of beneficiary form (hereinafter the 2008 designation) to designate the plaintiff, Lori Argo, who was the decedent's spouse, as his beneficiary for the ODB. The decedent also checked a box on the 2008 designation stating that he was nominating his estate as beneficiary, which was accompanied by an acknowledgment that a NYCERS member could not designate both an individual and the member's estate as beneficiaries. By letters sent in August to October 2008, NYCERS notified the decedent that the 2008 designation was invalid because he had designated both the plaintiff and his estate as beneficiaries and that the decedent needed to complete a new designation of beneficiary form. The decedent did not complete a new designation of beneficiary form.
On January 5, 2017, the decedent submitted an application for service retirement to NYCERS. The decedent had the option of designating a beneficiary or beneficiaries to receive a postretirement death benefit (hereinafter the PRDB) upon his death, or in the absence of such an election, NYCERS would issue the PRDB to the beneficiary or beneficiaries who were designated to receive the ODB. The decedent did not designate a beneficiary to receive the PRDB.
The decedent died on May 25, 2017. NYCERS then informed Lada and Moore that they were entitled to the PRDB by virtue of their status as beneficiaries. In a letter dated March 15, 2018, the plaintiff inquired as to her entitlement to the PRDB. In a letter dated March 30, 2018, NYCERS notified the plaintiff that although the decedent had named her as a beneficiary, he had also designated his estate as a beneficiary, and, therefore, the designation was "invalid" and she was not entitled to the PRDB.
In June 2019, the plaintiff commenced this action against NYCERS, in effect, for a judgment declaring that NYCERS is obligated to pay the PRDB to the plaintiff. Thereafter, NYCERS moved pursuant to CPLR 3211(a) to dismiss the complaint, inter alia, as time-barred. In support of the motion, NYCERS argued, among other things, that since the plaintiff could have commenced a CPLR article 78 proceeding to challenge NYCERS's determination that the 2008 designation was invalid and the plaintiff was not entitled to the PRDB, the four-month statute of limitations applicable to such proceedings applied, and that this action was not commenced within the four-month period. In an order dated November 9, 2022, the Supreme Court granted NYCERS's motion, determining that the action was time-barred. The plaintiff appeals.
"'On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired'" (Deutsche Bank Natl. Trust Co. v Pena, 240 AD3d 475, 476, quoting Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669). "'The burden then shift[s] to the plaintiff to present admissible evidence establishing that the action was timely or to raise a question of fact as to whether the action was timely'" (id., quoting U.S. Bank N.A. v Martin, 144 AD3d 891, 892).
Further, "'where a declaratory judgment [or other] action involves claims that could have been made in another proceeding for which a specific limitation period is provided, the action is subject to the shorter limitations period'" (Morton v New York City Bd. of Educ. Retirement Sys., 229 AD3d 619, 620 [internal quotation marks omitted], quoting Kogut v Village of Chestnut Ridge, 214 AD3d 777, 779). "'Thus, where . . . a proceeding could have been brought pursuant to CPLR article 78, the four-month statute of limitations applicable to such proceedings applies'" (id.).
Here, as the plaintiff correctly concedes, the four-month statute of limitations applicable to a proceeding commenced pursuant to CPLR article 78 applies, as the plaintiff could have commenced such a proceeding to challenge NYCERS's determination that the 2008 designation was invalid (see Morton v New York City Bd. of Educ. Retirement Sys., 229 AD3d at 621).
"A challenge to an administrative determination must be commenced within four months of the time the determination is 'final and binding upon the petitioner'" (Chappaqua Congress of Teachers v Board of Educ. of the Chappaqua Cent. Sch. Dist., 238 AD3d 849, 851, quoting CPLR 217[1]). "'A determination is final and binding within the meaning of CPLR 217 when the decisionmaker arrives at a definitive position on the issue that inflicts an actual, concrete injury'" (Matter of McArthur v Town of Brookhaven Dept. of Hous. & Human Servs., 232 AD3d 609, 612 [internal quotation marks omitted], quoting Matter of Boyd v Hilton, 213 AD3d 927, 928). However, "[t]he statute of limitations does not begin to run until the petitioner receives notice of the determination" (id.; see Matter of Biondo v New York State Bd. of Parole, 60 NY2d 832, 834).
Contrary to NYCERS's contention, the four-month statute of limitations did not start to run on August 29, 2008, when notice of the rejection of the 2008 designation was provided to the decedent, as there is no indication in the record that the plaintiff received notice of the determination at that time (see Matter of Groth v Board of Educ. of Uniondale Union Free School Dist., 34 AD3d 807, 808).
However, as NYCERS contends in the alternative, the four-month statute of limitations started to run on or about March 30, 2018, when the plaintiff received notice from NYCERS that the decedent's designation of her as beneficiary was "invalid" and that she was not entitled to the PRDB (see Matter of Cathie v Greenstein, 194 AD3d 925, 926). Since this action was not commenced until June 2019, more than one year after the letter dated March 30, 2018, NYCERS established, prima facie, that the action was time-barred (see Morton v New York City Bd. of Educ. Retirement Sys., 229 AD3d at 621). In opposition, the plaintiff failed to raise a question of fact as [*2]to whether the statute of limitations was tolled or otherwise inapplicable.
The plaintiff's contentions that the four-month statute of limitations started to run on a later date, raised for the first time on appeal, are not properly before this Court (see Sunyoung Jung v Reiner & Kaiser Assoc., 220 AD3d 643, 645).
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint as time-barred.
In light of our determination, we need not reach the parties' remaining contentions.
MILLER, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court